## STATE v. LeROY TAMMINEN.

162 N. W. (2d) 369.

November 1, 1968—No. 40965.

*C. Paul Jones,* State Public Defender, and *Robert E. Oliphant,* Assistant State Public Defender, for appellant.

*Douglas M. Head,* Attorney General, *Richard H. Kyle,* Solicitor General, *Robert W. Johnson,* County Attorney, and *Gerard W. Snell,* Assistant County Attorney, for respondent.

Heard before Knutson, C. J., and Nelson, Murphy, Peterson, and Frank T. Gallagher, JJ.

PER CURIAM.

Defendant appeals from a judgment entered pursuant to a guilty plea on an information charging attempted burglary and possession of burglary tools. He now claims that he was wrongfully induced to enter a plea of

524

guilty because of fear that evidence obtained by an invalid search and seizure might be used against him in a trial, an illegally obtained confession, and statements of his counsel that he would receive a much more serious sentence if he were tried and found guilty.

As in State v. Gilles, 279 Minn. 363, 157 N. W. (2d) 64, the claims of the defendant are wholly devoid of any support in the record covering proceedings at the time of his entry of plea and sentencing. This is another case in which the defendant asserts errors which have never been presented to or considered by the trial court. The assertions made are a collateral attack upon the judgment which should be presented, if at all, at the trial-court level by petition for postconviction relief pursuant to the Postconviction Remedy Act, L. 1967, c. 336, Minn. St. c. 590.

Affirmed.