STATE of Minnesota,
Plaintiff-Respondent,

v.

Elmer Carl ANDREN,
Defendant-Appellant.

No. C9–84–734.

Court of Appeals of Minnesota.

June 19, 1984.

Hubert H. Humphrey, III, Atty. Gen., R. Kathleen Morris, Scott County Atty., Shakopee, for plaintiff-respondent.

William G. Peterson, William Peterson & Associates, Ltd., Bloomington, for defendant-appellant.

Considered and decided by POPOVICH, C.J., and PARKER and WOZNIAK, JJ., without oral argument.

## OPINION

POPOVICH, Chief Judge.

Appellant Elmer Carl Andren appeals the trial court's durational departure from the Sentencing Guidelines and the trial court's refusal to permit him to withdraw his plea of guilty after sentencing. We dismiss this appeal because these issues were addressed or known to appellant and not raised in appellant's prior appeal.

## FACTS

The facts surrounding this case are contained in *State v. Andren*, 347 N.W.2d 846 (Minn.Ct.App.1984) (*Andren I*). Appellant pled guilty on May 17, 1983, and was sentenced on November 18, 1983. He moved to withdraw his plea on January 11, 1984, and following the denial of his motion, purported to appeal his sentence on February 16, 1984. In *Andren I*, we held that the trial court's refusal to dispositionally depart from the Guidelines was not error, but the court's durational departure was error. Appellant now alleges this second appeal filed April 23, 1984, raises questions on the durational departure and challenges the trial court's order refusing to allow the withdrawal of his guilty plea after sentencing.

In the earlier appeal, appellant did not inform this court that he was bifurcating his contentions. Following our opinion in *Andren I*, he called our attention to the second appeal.

## ISSUES

1. May appellant appeal issues which were or could have been decided on a prior appeal?

2. Is an order denying a motion to withdraw a plea of guilty appealable?

## ANALYSIS

 1. Appellant's attempt at bifurcating issues runs contrary to the well-settled rule that a defendant is not entitled to raise issues already decided on appeal or which are known but not raised on the first appeal. *Shaw v. State*, 335 N.W.2d 517, 519 (Minn.1983); *State v. Myers*, 273 N.W.2d 656, 657 (Minn.1978); *State v. Knaffla*, 309 Minn. 246, 252, 243 N.W.2d 737, 741 (1976); *Case v. State*, 344 N.W.2d 888 (Minn.Ct.App.1984). The durational issue has already been decided (in appellant's favor) and is now moot. The plea withdrawal issue should have been raised in appellant's first appeal.

2. Because appellant's counsel may have been confused about when to raise the question of the plea withdrawal, we note that an order denying a motion to withdraw a guilty plea is interlocutory and not directly appealable. Rule 28.02, subd. 2, Minn.R.Crim.P. Appeal may be made from a final judgment, at which time the issue is properly raised. *Id.*

3. Oral argument was waived in Andren I but requested in this matter. However, we deny oral argument here pursuant to Rule 28.02, subd. 13(1) of the Minnesota Rules of Criminal Procedure which provides that oral argument may be disallowed if

the appellate court determines in the exercise of its discretion that oral argument is unnecessary because:

a. the dispositive issue or set of issues has been authoritatively settled; or

b. the briefs and record adequately present the facts and legal arguments and the decisional process would not be significantly aided by oral argument.

## DECISION

Appellant is not entitled to a second appeal on issues which were decided in the prior appeal or which were known to appellant and not raised on the first appeal. The durational departure question was already decided in the prior appeal; the denial of appellant's motion to withdraw his guilty plea should have been raised in the first appeal. The appeal is dismissed.