**STATE of Minnesota, Respondent,**

v.

**Oscar Lee HAYNES, Sr., Appellant.**

**No. C2–88–261.**

Court of Appeals of Minnesota.

May 17, 1988.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Thomas L. Johnson, Hennepin Co. Atty., Vernon E. Bergstrom, Chief, Appellate Section, J. Michael Richardson, Asst. Co. Atty., Minneapolis, for respondent.

A. Demetrius Clemons, McGlennen & Clemons, Minneapolis, for appellant.

Considered and decided by WOZNIAK, C.J., and RANDALL and KALITOWSKI, JJ., without oral argument.

## OPINION

WOZNIAK, Chief Judge.

Appellant pleaded guilty to possession of a controlled substance. The trial court sentenced appellant to a stayed 15–month term, with three years probation, including

an order excluding him from a one and one-half mile area in north Minneapolis. We hold that the condition of probation is reasonable, and affirm.

## FACTS

Appellant Oscar Lee Haynes was arrested on May 8, 1987, in a drug house on Queen Avenue North in Minneapolis. He currently lives on Selby Avenue in St. Paul. The arrest was made after Haynes was searched pursuant to a search warrant, and a controlled substance (Dilaudid) was found in his possession. He was charged with possession of a Schedule II controlled substance. On October 28, Haynes pleaded guilty to this charge pursuant to a plea bargain under which he agreed to receive a probationary sentence with all terms and conditions to be fixed by the court.

The court sentenced Haynes to a stayed 15-month term, with three years probation, including 90 days in the workhouse, payment of a fine, an admonishment not to violate any other laws, and an order excluding him from "within an area of one and one-half miles of [the drug house] during the term of [probation]." The terms of this probation were announced at a hearing on January 21, 1988. Haynes then demanded execution of the sentence, preferring prison to restrictions on his free and unlimited access to the neighborhood where his prior drug transaction took place. The judge delayed the matter until the following day, when appellant's counsel made a motion to withdraw the guilty plea on the basis of the exclusion. This motion was denied. Haynes then repeated his request for an executed sentence, which the court granted. Judgment was entered later that day. Appeal was taken from the denial of the motion to withdraw the guilty plea and the judgment.

## ISSUES

1. Is denial of appellant's motion to withdraw his guilty plea appealable?

2. Is the probation condition lawful?

## ANALYSIS

■ 1. Denial of Haynes' January 22 motion to withdraw his plea of guilty is not directly appealable. *See State v. Andren,* 350 N.W.2d 404, 405 (Minn.Ct.App.1984); Minn.R.Crim.P. 28.02(2). Appeal of such an order may be made from the final judgment, at which time the issue is properly raised. *Id.* Since Haynes also appeals from the trial court's judgment, this issue is properly before this court.

2. Haynes contends that the probationary condition excluding him from an area of north Minneapolis is not a reasonable condition of probation. He challenges the trial court's condition of probation under both state law and federal constitutional law. He argues that his motion to withdraw his plea should have been granted since the trial court sentenced him to an unlawful probation condition.

If the probationary condition were in violation of some constitutional right, we agree that appellant would be allowed to withdraw his guilty plea. A valid guilty plea must be accurate, voluntary, and intelligent. *State v. Trott,* 338 N.W.2d 248, 251 (Minn.1983). There is nothing in the record which indicates appellant knowingly and intelligently waived his constitutional right to travel. We then will need to determine whether this right would be constitutionally infringed by the trial court's restrictions on his movement within Minneapolis.

■ We recently addressed the constitutionality of a geographical exclusion as a condition of probation. In *State v. Friberg,* 421 N.W.2d 376 (Minn.Ct.App.1988), we stated:

> [A]cceptable probation conditions include "refraining from * * * frequenting specified types of places * * * to the extent that such restrictions have a reasonable relationship to the prior offense or anticipatable future criminal behavior."

*Id.* at 380 (citing *A.B.A. Standards for Criminal Justice,* Sentencing Alternatives and Procedures Standard 18–2.3(e) (2nd ed. 1980)). We adopted a three-factor test to consider the validity of probation conditions containing limited geographical exclusions. These factors are:

(1) the purposes sought to be served by probation;

(2) the extent to which constitutional rights enjoyed by law-abiding citizens should be accorded to probationers; and

(3) the legitimate needs of law enforcement.

*Friberg,* 421 N.W.2d at 376 (adopted from *U.S. v. Lowe,* 654 F.2d 562, 567 (9th Cir. 1981)).

■ The exclusion from the neighborhood was consistent with the purpose behind probation, which is to "produce a law abiding citizen *and at the same time to protect the public against continued criminal or antisocial behavior." Porth v. Templar,* 453 F.2d 330, 333 (10th Cir. 1971) (emphasis added). The trial court sought to keep Haynes from the drug house in north Minneapolis. This limits his opportunity to commit a similar crime, and protects the neighborhood from a similar offense.

We acknowledge the difficulty faced by the trial court in attempting to fashion effective probationary conditions. In this case, the trial court dealt directly with the severe blight a neighborhood faces as a result of the violence and misery associated with appellant's felonious activity at the drug house. Neighbors should be able to walk the streets without fear. Children should be able to walk home from school without being approached by drug dealers. Clearly, drug traffic has victimized the neighborhoods of our cities. It must be stopped.

The trial court clearly was trying to create conditions of probation which would allow those residing in the neighborhood to exercise their right to safe enjoyment of family life in a stable, law-abiding neighborhood. At the same time, the conditions were calculated to assist Haynes in avoiding the circumstances which led to his arrest and conviction. Both of these purposes are well served by the trial court's proposed probationary conditions.

The impact on appellant's constitutional rights is minimal; there has been no showing that the exclusion limits his association with family or work, and his right to travel is only narrowly circumscribed by the condition. The legitimate needs of law enforcement are met through the exclusion because it assists them and the surrounding community in their efforts to bring the severe problem posed by the drug houses under control.

## DECISION

The trial court's condition of probation is constitutional under the circumstances of this case.

Affirmed.