**STATE of Minnesota, Respondent,**

v.

**Marshall E. SALITERMAN, Petitioner.**

No. C8–88–2290.

Court of Appeals of Minnesota.

Nov. 22, 1988.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Gregory J. Hellings, Asst. Champlin City Atty., Anoka, Francis J. Rondoni, Asst. Crystal City Atty., Minneapolis, for respondent.

Stephen M. Goldfarb, Goldfarb and Associates, Minneapolis, for petitioner.

Considered at Special Term and decided by WOZNIAK, C.J., and PARKER and SHORT, JJ., without oral argument.

## SPECIAL TERM OPINION

WOZNIAK, Chief Judge.

### FACTS

Petitioner Marshall Saliterman filed this petition for discretionary review of an order denying his motion to withdraw his guilty pleas. On June 3, 1988, Saliterman pleaded guilty to two counts of violating a protective order, which is a misdemeanor. Minn.Stat. § 518B.01, subd. 14 (1986). He was sentenced the same day, receiving a stay of imposition and an assessment of court costs. No appeal was taken from the convictions.

On August 4, 1988, Saliterman moved to withdraw his guilty pleas. The motion was heard on September 16, 1988, and denied by order filed October 24, 1988.

### DECISION

A defendant generally may not appeal until a final judgment has been entered against him. Minn.R.Crim.P. 28.02, subd. 2(2). The judgment from or after which appeal may be taken is the sentence and judgment of conviction. Minn.R.Crim.P.

28.02, subd. 2(1); *State v. Batzer Construction Co., Inc.*, 405 N.W.2d 523, 526 (Minn.Ct.App.1987).

Saliterman brought his motion to withdraw his guilty plea after he had been sentenced and after the time to appeal the judgment had expired. *See* Minn.R.Crim.P. 28.02, subd. 4(3) (ten days to appeal misdemeanor convictions). This court has stated that an order denying a motion to withdraw a guilty plea is interlocutory and not directly appealable. *State v. Andren*, 350 N.W. 2d 404, 405 (Minn.Ct.App.1984). Such a motion is usually made before sentencing and may be reviewed on appeal from the conviction. *See* Minn.R.Crim.P. 15.05, subd. 1; Minn.R.Crim.P. 28.02, subd. 11. However, a motion to withdraw a guilty plea made after sentencing is analogous to a postconviction petition. We conclude the denial of such a motion is appealable when it cannot be reviewed on appeal from the judgment of conviction. *See e.g., State v. Trott*, 338 N.W.2d 248 (Minn.1983) (appeal heard from order denying motion to withdraw a guilty plea, made after sentencing).

A motion to withdraw a guilty plea may be made in the form of a postconviction petition. *See, e.g., State v. Tamminen*, 282 Minn. 523, 162 N.W.2d 369 (1968). The Post–Conviction Remedy Act, Minn. Stat. ch. 590, extends to misdemeanors as well as to more serious offenses. *See Smith v. State*, 301 Minn. 455, 457–58, 223 N.W.2d 775, 777 (1975) (statute extends to ordinance violations if punishment includes confinement). To hold that an order denying a motion to withdraw a plea is not appealable, because the motion was not captioned as a postconviction petition, would merely compel a defendant to renew the motion under that caption. *See e.g., State v. Kloskowski*, 378 N.W.2d 805, 806–07 (Minn.Ct.App.1985) (postconviction petition filed after appeal from order denying motion to withdraw guilty plea was dismissed).

In *Andren*, the order denying the motion to withdraw the guilty plea was also filed after sentencing, but before the time for appeal from the judgment had

expired. The defendant separately appealed the sentence and the denial of his motion, thus attempting to bifurcate his appeal. *Andren*, 350 N.W.2d at 404. A defendant may not obtain simultaneous appellate review in this manner. Neither can a defendant appeal the denial of his motion to withdraw a guilty plea and later bring another postconviction petition raising the same grounds for withdrawing the plea, or other issues known or raised in the earlier appeal. *See State v. Knaffla*, 309 Minn. 246, 252, 243 N.W.2d 737, 741 (1976).

We emphasize, as in *Andren*, that a defendant moving to withdraw his guilty plea after sentencing should raise this issue on appeal from the conviction if the time for appeal has not run. A postconviction petition may not be filed when direct appellate relief is available. Minn.Stat. § 590.01 (1986). Thus a motion to withdraw a guilty plea filed before the expiration of the time to appeal the conviction is not analogous to a postconviction petition. In such a case, the 60–day period allowed for appeal from a postconviction petition, Minn.Stat. § 590.06 (1986), will not apply and the time to appeal will be governed by Minn.R.Crim.P. 28.02, subd. 4(3).

Saliterman's motion was filed after the time for appeal from the convictions had expired. Therefore, he may still appeal from the October 24, 1988 order. *See* Minn.Stat. § 590.06. Accordingly, we deny the petition for discretionary review as unnecessary.

Petition for discretionary review denied.