**STATE of Minnesota, Respondent,**

v.

**Dale Kenneth GOULETTE, Petitioner, Appellant.**

**No. CX–88–1173.**

Supreme Court of Minnesota.

July 21, 1989.

---

Elizabeth B. Davies, Asst. Public Defender, Minneapolis, for petitioner, appellant.

Mary J. Theisen, Asst. Atty. Gen., St. Paul, for respondent.

COYNE, Justice.

In its unpublished decision in this case the court of appeals affirmed defendant Goulette's conviction of five counts of aggravated robbery and the imposition of five consecutive sentences, one per victim, making an aggregate sentence of 251 (107 + 36 + 36 + 36 + 36) months. We affirm, without further comment, that part of the court of appeals' decision upholding defendant's convictions but, for the reasons that follow, we reduce defendant's sentence from 251 months to 214 months.

At 1:30 a.m. on July 19, 1987, while he was on a 5–day furlough from prison, defendant entered Hardee's restaurant in Mora and used a gun to compel the employees to turn over approximately $7,000 in cash. He tied up four of the employees and ordered the fifth to put the money in a bag. He then tied up the fifth employee and fled with the money.

Defendant has a criminal history score of six or more. The presumptive sentence for aggravated robbery, a severity level VII offense, by one with a criminal history score of six or more is an executed term of 97 (90–104) months in prison. However, because defendant had a criminal history score of six or more and was on furlough when he committed the offenses, an additional 3 months is added to the presumptive sentence duration, giving him a maximum presumptive sentence of 107 months for the first of the five convictions. Minnesota Sentencing Guidelines II.B.2. and II.B.204. The so-called multiple victim exception to Minn.Stat. § 609.035 (1988), permits the trial court to sentence defendant for the four other offenses, unless to do so would unfairly exaggerate the criminality of defendant's conduct, and Minnesota Sentencing Guidelines II.F.2. allows the trial court to order the sentences to run consecutively without citing aggravating circumstances. According to Minnesota Sentencing Guidelines II.F., under ordinary circumstances each of the consecutive sentences should be 24 months, the duration under the zero criminal history score column; but since Minn.Stat. § 609.11 (1988), the mandatory minimum term law, applies here, the consecutive sentences each can be as long as 36 months. As we said at the outset, the trial court imposed the longest term possible without departing from the sentencing guidelines: a 107–month term and four consecutive 36–month terms, giving defendant an aggregate sentence of 251 months.

The court of appeals rejected defendant's contention that this sentence unfairly exaggerates the criminality of defendant's conduct and is inconsistent with our decision in *State v. Norris,* 428 N.W.2d 61 (Minn. 1988).

In *Norris,* the defendant shot and killed a patron of a crowded bar during a robbery and was convicted of the murder as well as five counts of assault for assaulting five other patrons. The trial court imposed a life term for the murder and five consecutive 60–month terms for the five assaults.

We ruled that although the imposition of five consecutive sentences was "technically permissible," it unfairly exaggerated the criminality of the defendant's conduct. *Id.* at 71. Accordingly, we modified the sentence by holding that three of the five sentences for the assault should be served concurrently. *Id.*

We conclude that the aggregate sentence of 251 months unfairly exaggerates the criminality of this defendant's conduct. We decline, however, simply to adopt the *Norris* solution and to impose an aggregate sentence of 179 (107 + 36 + 36) months by making two of the four consecutive 36–month sentences concurrent, because even without the use of multiple sentencing, the trial court could have imposed a sentence of 214 months or two times the maximum sentence of 107 months for one aggravated robbery conviction. *State v. Evans,* 311 N.W.2d 481 (Minn.1981). Our conclusion is based on the principle enunciated in earlier decisions that when a robber's conduct puts a large number of people in fear and danger, as did this defendant, the trial court may impose an aggregated sentence. *See, e.g., State v. McClay,* 310 N.W.2d 683, 685 (Minn.1981).

We affirm defendant's convictions but reduce the aggregate sentence of 251 months to 214 months.

Affirmed as modified.