STATE of Minnesota, Respondent,

v.

David Vincent STEELE, Appellant.

No. CX–89–888.

Supreme Court of Minnesota.

Dec. 20, 1989.

MEMORANDUM

Movant was convicted of criminal sexual conduct in the fourth degree. The district court granted his motion for a stay of execution of his 41–month prison sentence pending appeal. After filing his appeal, movant moved the court of appeals for an order staying the appeal and remanding so that he could obtain a post-conviction hearing on his claim that his trial counsel failed to represent him effectively. The court of appeals' policy in such cases is to dismiss the appeal and to allow the defendant to raise all the issues on an appeal from the denial of post-conviction relief. It followed that policy in this case. Movant claimed in his petition for review, which we denied, that as a result of the dismissal he was deprived of his liberty (his release pending appeal) and that he was being deprived of his opportunity to have all issues decided on appeal. The stay of execution of sentence pending appeal was granted by this district court in the exercise of its considerable discretion. It may be that if the district court was willing to let movant remain free pending a direct appeal, it will allow him to remain free pending the outcome of the post-conviction proceeding and the subsequent appeal, if any, unless it is clear that the filing of the post-conviction petition was purely for the purpose of delay or unless there are other changed circumstances. There is also no reason to believe that movant is being deprived of his opportunity to have all issues decided on appeal. The chief judge of the court of appeals, in the order dated August 29 and filed August 31, stated expressly that "this order

---

shall not preclude a later appeal from the post-conviction order, and shall not limit the issues which may be raised in that appeal."

Motion for a stay of the judgment of the Court of Appeals is denied.