**STATE of Minnesota, Respondent,**

v.

**Laurence Rene RIENDEAU, Appellant.**

**No. C9–99–771.**

Court of Appeals of Minnesota.

Dec. 14, 1999.

**342**

Mike Hatch, Attorney General, Catherine M. Keane, Assistant Attorney General, St. Paul; and Brian D. Simonson, Hibbing, for respondent.

John Steven Lind, Duluth, for appellant.

Considered and decided by TOUSSAINT, Chief Judge, LANSING, Judge, and PETERSON, Judge.

## SPECIAL TERM OPINION

TOUSSAINT, Chief Judge

Appellant Laurence Riendeau filed this appeal from an order denying his motion to withdraw his guilty plea to felony possession of stolen property. Riendeau filed a motion to stay or dismiss this appeal to allow him to file a postconviction petition. We deny the motion.

### FACTS

Riendeau was charged with possession of stolen property. After Riendeau's motion to suppress his statement to police was denied, his attorney notified the court that Riendeau would enter a guilty plea. Riendeau, however, changed his mind and a jury trial was scheduled.

On January 26, 1999, just before trial was to begin, Riendeau entered a guilty plea and was sentenced. On February 16, 1999, Riendeau, now representing himself, filed a motion to withdraw his guilty plea. Riendeau argued that the guilty plea was not voluntary, accurate, and intelligent, that his attorney had coerced him into pleading guilty, and that his attorney's performance was so deficient as to deny him his right to the effective assistance of counsel. The district court, following a hearing held on March 19, 1999, issued an order denying the motion on March 31, 1999.

Riendeau filed this appeal from the March 31, 1999 order. After the transcripts had been delivered, and as the deadline for filing his appellant's brief approached, Riendeau filed a motion to stay this appeal or dismiss without prejudice, under *State v. Steele*, 449 N.W.2d 157 (Minn.1989). The state filed a response opposing the motion.

### ISSUE

Should this appeal be dismissed to permit postconviction proceedings?

### ANALYSIS

Riendeau seeks to stay or dismiss this appeal to allow him to file a postconviction petition to further develop his claim of ineffective assistance of counsel. This court generally grants such motions and dismisses direct appeals, allowing defendants to raise all issues on appeal from the postconviction order, if necessary. *State v. Steele*, 449 N.W.2d 157, 157 (Minn.1989). The state, however, argues that this is a postconviction appeal and therefore it is not appropriate to follow *Steele* and allow Riendeau a second chance to litigate his claim of ineffective assistance of counsel. We do not agree that this is a postconviction appeal. But we agree with the state's

argument that Riendeau is not entitled to a dismissal of his direct appeal that would preserve the claim of ineffective assistance.

■ Riendeau filed a post-sentencing motion to withdraw his guilty plea. Such a motion is treated as a postconviction petition only if it is brought after the time for direct appeal has expired. *State v. Saliterman,* 431 N.W.2d 590, 592 (Minn.App. 1988) (holding that motion to withdraw guilty plea filed before expiration of time to appeal is not treated as a postconviction petition); *see* Minn.Stat. § 590.01, subd. 1 (1998) (providing that postconviction petition may not be brought if direct appeal is available). Riendeau filed his motion to withdraw his guilty plea only three weeks after sentencing, well within the time to file a direct appeal. *See* Minn. R.Crim. P. 28.02, subd. 4(3) (providing that felony defendant has 90 days to appeal conviction). Therefore, the motion is not construed as a postconviction petition, and this is not a postconviction appeal but a direct appeal from conviction, in which Riendeau may properly challenge the denial of his motion. *See* Minn. R.Crim. P. 28.02, subd. 11 (providing that on appeal from conviction court may review denial of posttrial motions and "any other matter as the interests of justice may require").

■ Riendeau's claim of ineffective assistance was addressed in his motion to withdraw his guilty plea. Riendeau's former privately retained counsel filed an affidavit in response to the claim, and the district court held a hearing. Although this court did not have access to the district court file or the transcript when the motion to stay or dismiss this appeal was filed, the record indicates that Riendeau had an opportunity to litigate his claim of ineffective assistance in the district court. He now seeks a remand for a postconviction hearing on the same claim. We conclude that *Steele* was not intended to give defendants an automatic opportunity for a second hearing on a claim already raised in the trial court.

■ A claim of ineffective assistance of trial counsel should generally be raised in the direct appeal. *See Wilson v. State,* 582 N.W.2d 882, 885 (Minn.1998) (holding that ineffective assistance claims known at the time of direct appeal are generally barred unless an evidentiary hearing is required to develop additional facts). The claim may not be raised in a postconviction proceeding unless additional facts are needed. *Black v. State,* 560 N.W.2d 83, 85 n. 1 (Minn.1997). Riendeau does not indicate what additional facts would be developed in a postconviction hearing even though he seeks an order that, by remanding for postconviction proceedings, would imply that such a hearing is necessary.

In his motion to dismiss or stay this appeal, Riendeau does not identify any new facts that might be developed in a postconviction hearing. He cites instead his pro se status at the hearing on his posttrial motion. But the issue is not Riendeau's pro se status or the standard that should be applied to a pro se defendant. *Cf. Townsend v. State,* 582 N.W.2d 225, 228 (Minn.1998) (holding that criminal defendant in waiving right to appellate counsel recognized he would be held to same standard as licensed attorney). Riendeau, although pro se in the trial court, obtained a hearing and a factual affidavit from trial counsel. Absent a showing of additional facts to be developed, we cannot assume a postconviction hearing is necessary.

■ The problem of an inadequate showing of what facts might be developed in the postconviction proceeding is not unique to this case or to claims of ineffective assistance. We take this opportunity to advise counsel and pro se appellants alike that motions made under *Steele* to stay or dismiss a direct appeal for postconviction proceedings must be supported by some factual showing. Such motions are frequently filed close to the due date for appellant's brief, unsupported by a factual showing. The purpose of a dismissal un-

der *Steele* is not to afford appellant a de facto extension of the briefing time.

The requirement we impose on appellants is only to make a threshold factual showing. A motion made under *Steele* need not approximate the detail in a post-conviction petition. Furthermore, this court's actions, in granting or denying *Steele* motions should not be construed as an opinion that the party either has or has not met the burden in Minn.Stat. § 590.04, subd. 1 for obtaining an evidentiary hearing. This court is simply requiring that some factual showing be made from which we can properly determine whether to dismiss a pending appeal.

### DECISION

Appellant has not made a showing of facts to be developed in a postconviction proceeding that would entitle him to an order dismissing this direct appeal and preserving all issues for a later postconviction appeal.

**Motion denied.**