**Daniel Peter FRISCH, petitioner, Appellant,**

v.

**STATE of Minnesota, Respondent.**

No. A13–1121.

Court of Appeals of Minnesota.

Dec. 9, 2013.

Renée Bergeron, Assistant State Public Defender, St. Paul, MN, for appellant.

Lori Swanson, Attorney General, St. Paul, MN; and Donovan D. Dearstyne, Hubbard County Attorney, Jonathan D. Frieden, Assistant County Attorney, Park Rapids, MN, for respondent.

Considered and decided by JOHNSON, Presiding Judge; PETERSON, Judge; and STONEBURNER, Judge.

## SPECIAL TERM OPINION

JOHNSON, Judge.

This appeal is before a special term panel on Daniel Peter Frisch's motion for a stay of his appeal and a remand to the district court so that he may file a postconviction petition. Because Frisch previously petitioned for postconviction relief, and now is appealing the denial of that petition, the remand he seeks is for the purpose of filing a second postconviction petition. We conclude that the rule on which he relies does not permit a stay of a postconviction appeal for the purpose of filing a second postconviction appeal, and we deny the motion.

Frisch was convicted of gross-misdemeanor driving while impaired. He filed a notice of appeal from his conviction and sentence in an untimely manner. This court dismissed his direct appeal because it was filed beyond the 90–day time period without a showing of "good cause" for an extension. *State v. Frisch,* No. A12–1503 (Minn.App. Sept. 13, 2012) (order), *review denied* (Minn. Oct. 24, 2012); *see also* Minn. R.Crim. P. 28.02, subd. 4(3)(a), (g).

Frisch later petitioned for postconviction relief on the grounds that the evidence was insufficient to support his conviction and that the district court erroneously instructed the jury. The district court denied relief. Frisch timely filed this appeal from the order denying his postconviction petition. Approximately two weeks before his appellate brief was due, Frisch filed a mo-tion asking this court to stay the appeal and to remand the case to the district court for additional postconviction proceedings. Frisch's motion states that he wishes to file a second postconviction petition, this time alleging ineffective assistance of counsel in connection with the untimely direct appeal and the district court proceedings related to his first postconviction petition. The state opposes the motion.

## DECISION

■ In support of his motion for a stay and a remand, Frisch relies on rule 28.02, subdivision 4(4), of the Minnesota Rules of Criminal Procedure. That rule provides, "If, after filing a notice of appeal, a defendant determines that a petition for postconviction relief is appropriate, the defendant may file a motion to stay the appeal for postconviction proceedings." Minn. R.Crim. P. 28.02, subd. 4(4).

Subdivision 4(4) was adopted in 2003. *Promulgation of Amendments to the Minnesota Rules of Criminal Procedure,* No. C1–84–2137 (Minn. Feb. 28, 2003) (order). Before 2003, this court sometimes would dismiss a direct appeal without prejudice so that a defendant-appellant could pursue postconviction relief and, if unsuccessful, later return to the court of appeals and file a single brief addressing all issues related to both the conviction and the denial of postconviction relief. *See, e.g., State v. Riendeau,* 603 N.W.2d 341, 342 (Minn. App.1999) (citing *State v. Steele,* 449 N.W.2d 157, 157 (Minn.1989)). Subdivision 4(4) serves the same purpose: to allow this court to review both a conviction and the denial of postconviction relief in a single appellate proceeding.

Since the adoption of subdivision 4(4), this court frequently has granted motions filed by defendant-appellants to stay a di-

rect appeal for the sake of a remand to the district court for postconviction proceedings, so long as the motion contains a "threshold factual showing," *id.* at 344, which must include a statement of the issues or claims to be explored and a statement of the "additional facts [that] would be developed in a postconviction hearing," *id.* at 343. We have applied a somewhat more lenient standard to motions that seek a stay and remand for the purpose of pursuing a postconviction claim based on the alleged ineffective assistance of trial counsel. *See* Minn. R.Crim. P. 28.02, cmt. ¶ 4. It has been this court's experience that counsel understand the requirement of a threshold showing and usually are able to satisfy the requirement.

Frisch's motion is different from the type of motion frequently granted by this court because he seeks to stay a postconviction appeal, not a direct appeal. He seeks to stay an appeal from the denial of his first postconviction petition so that he can return to the district court to file a second postconviction petition, before obtaining appellate review of the denial of his first postconviction petition. Frisch's motion raises the question whether the stay-and-remand procedure in subdivision 4(4) of rule 28.02 applies to postconviction appeals as well as direct appeals.

The text of the rule does not answer the question. But a comment to the rule provides considerable insight into the intentions of the rules committee and the supreme court. The comment concerning subdivision 4(4) of rule 28.02 states, "Rule 28.02, subd. 4(4) establishes a procedure by which *a defendant who has initiated a direct appeal* may nonetheless pursue postconviction relief." Minn. R.Crim. P. 28.02, cmt. ¶ 4 (emphasis added). Although a rules advisory committee's comment is not binding on the courts, such comments " 'are recognized as providing guidance which courts may follow.' " *State v. Dahlin,* 753 N.W.2d 300, 307 (Minn. 2008) (quoting *State v. Pero,* 590 N.W.2d 319, 326 (Minn.1999)). Comments to rules of court frequently are deemed persuasive because rules should be interpreted according to " 'the sense in which they were understood and intended at the time the rule was promulgated.' " *Nguyen v. State Farm Mut. Auto. Ins. Co.,* 558 N.W.2d 487, 490 (Minn.1997) (quoting *House v. Hanson,* 245 Minn. 466, 473, 72 N.W.2d 874, 878 (1955)).

The comment concerning subdivision 4(4) of rule 28.02 is consistent with the caselaw concerning postconviction procedure, which provides the relevant context. In *Riendeau,* we noted that this court's permission to allow a defendant-appellant to seek postconviction relief before briefing a direct appeal is "not intended to give defendants an automatic opportunity for a second hearing on a claim already raised in the trial court." 603 N.W.2d at 343. This limitation was necessary because of the well-established caselaw that, if an offender has had a direct appeal, "all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief." *State v. Knaffla,* 309 Minn. 246, 252, 243 N.W.2d 737, 741 (1976). A similar procedural bar applies to second and successive postconviction petitions: "matters raised or known but not raised in an earlier petition for postconviction relief will generally not be considered in subsequent petitions for postconviction relief." *Powers v. State,* 731 N.W.2d 499, 501 (Minn. 2007); *see also State v. Yang,* 774 N.W.2d 539, 565 (Minn.2009) (applying *Knaffla* and *Powers* to district court's decision to treat motion to amend postconviction petition as second postconviction petition). Because the supreme court's caselaw generally precludes a second or subsequent postconviction petition, it is unlikely that the su-

preme court intended, when adopting rule 28.02, subdivision 4(4), to allow offenders an opportunity to file a second postconviction petition before the resolution of an appeal from the denial of a first postconviction petition.

In light of the advisory committee's comment concerning rule 28.02, subdivision 4(4), and in light of the procedural bar applicable to second and subsequent postconviction petitions, we conclude that rule 28.02, subdivision 4(4), does not apply to appeals from the denial of a postconviction petition.

To say that the relief Frisch seeks in his motion is not authorized by rule 28.02, subdivision 4(4), is not to say that a stay and remand is absolutely forbidden. The fact that his motion is outside the scope of rule 28.02, subdivision 4(4), naturally tends to suggest that the motion is disfavored. Nonetheless, courts possess general authority to stay cases for a variety of reasons that may serve the goal of efficient case management. *See, e.g., State v. Northern Pac. Ry.,* 221 Minn. 400, 410, 22 N.W.2d 569, 575 (1946). But an appellant seeking a stay and remand in a postconviction appeal must, at a minimum, include in his threshold showing a colorable argument for overcoming the procedural bar for second and subsequent postconviction petitions. *See Yang,* 774 N.W.2d at 564–65; *Powers,* 731 N.W.2d at 501. In this case, Frisch has not attempted to show that he would be able to overcome the procedural bar for a second postconviction petition. Thus, we conclude that Frisch is not entitled to a stay of his postconviction appeal for the purpose of filing a second postconviction petition.

**Motion denied.**