*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0286**

State of Minnesota,
Respondent,

vs.

Thomas Dwayne Brown,
Appellant.

**Filed November 23, 2015
Affirmed
Reyes, Judge**

Dakota County District Court
File No. 19HACR124110

Lori Swanson, Minnesota Attorney General, St. Paul, Minnesota; and

James Backstrom, Dakota County Attorney, Jessica A. Bierwerth, Assistant Dakota
County Attorney, Hastings, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Anders J. Erickson, Assistant
State Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Reyes, Presiding Judge; Connolly, Judge; and
Rodenberg, Judge.

**U N P U B L I S H E D   O P I N I O N**

**REYES**, Judge

Appellant Thomas Dwayne Brown challenges the imposition of the statutory

maximum sentence pursuant to the career-offender statute, Minn. Stat. § 609.1095,

subd. 4 (2012), and the sufficiency of the evidence underlying his count III conviction of violating a domestic-abuse no-contact order.  We affirm.

**FACTS**

On November 29, 2012, appellant Thomas Dwayne Brown was involved in a domestic-disturbance incident with his then-girlfriend, E.G.  During an argument between appellant and E.G., appellant threatened to put out his cigarette on E.G.'s face. Appellant was charged with: two counts of domestic assault (intent to cause fear and infliction of bodily harm), in violation of Minn. Stat. § 609.2242, subd. 4 (2012); violation of a domestic-abuse no-contact order (DANCO), in violation of Minn. Stat. § 629.75, subd. 2(d)(1) (2012); and providing false information to the police, in violation of Minn. Stat. § 609.506, subd. 1 (2012).

The state filed notice of intent to seek an aggravated durational departure from the sentencing guidelines pursuant to the career-offender statute, Minn. Stat. § 609.1095, subd. 4.  The jury found appellant guilty of all four counts.  Appellant waived his right to a *Blakely* trial by jury and submitted the issue of whether he qualified as a career offender to the court.  The district court determined that appellant qualified as a career offender.

Appellant was sentenced to 60 months on count I (felony domestic assault, intent to cause fear); a concurrent term of a year and a day on count II (felony domestic assault, infliction of bodily harm); a concurrent term of a year and a day on count III (felony violation of DANCO); and a concurrent term of 90 days on count IV (misdemeanor giving false information to police).  On appeal, this court reversed appellant's count II felony domestic-assault conviction and remanded the matter to the district court for

resencing. *State v. Brown*, No. A13-1083, 2014 WL 2684750 (Minn. App. June 16, 2014), *review dismissed* (Minn. Aug. 4, 2014).

On remand, appellant requested that the presumptive sentence under the guidelines of 33 months be imposed on count I, the most serious offense arising from the incident. The district court denied appellant's request and imposed the maximum statutory sentence of 60 months imprisonment. This appeal followed.

## D E C I S I O N

**I.      The district court did not err in imposing a 60-month sentence under Minn. Stat. § 609.1095, subd. 4, the career-offender statute.**

Appellant argues that the district court improperly sentenced him to the statutory maximum of 60 months imprisonment for assault for threatening to burn E.G. with a cigarette. Appellant's presumptive sentence for this crime was 33 months in prison.[1] Following a *Blakely* hearing, the district court determined that appellant qualified as a career offender under Minn. Stat. § 609.1095, subd. 4. Appellant does not dispute his career-offender status. Rather, appellant asserts that his sentence unfairly exaggerates the criminality of his conduct.

We review a sentencing enhancement based on the career-offender statute for an abuse of discretion. *State v. Munger*, 597 N.W.2d 570, 574 (Minn. App. 1999), *review denied* (Minn. Aug. 25, 1999). A "judge may impose an aggravated durational departure from the presumptive sentence up to the statutory maximum sentence if the factfinder

---

[1] The offense-severity level for domestic assault is four. Minn. Sent. Guidelines 5.A (2012). Appellant had a criminal-history score of nine, including a custody-status point for which a three-month enhancement applied. Minn. Sent. Guidelines 2.B (2012).

determines that the offender has five or more prior felony convictions and that the present offense is a felony that was committed as part of a pattern of criminal conduct." Minn. Stat. § 609.1095, subd. 4. The statute does not limit the court's discretion and does not require any additional findings before sentencing an offender to the statutory maximum. *Vickla v. State*, 793 N.W.2d 265, 269 (Minn. 2011). Moreover, the sentencing guidelines provide that an offender's status as a "career offender" under Minn. Stat. § 609.1095, subd. 4, alone constitutes a sufficient reason to depart from the presumptive sentence. Minn. Sent. Guidelines 2.D.3.b.(9) (2012). However, a court departing under the career-offender statute must still provide "written reasons specifying that the requirements of the statute have been met." Minn. Sent. Guidelines cmt. 2.D.304 (2012).

The district court's written reasons meet the statutory requirements. Appellant has committed well over five prior felony-level offenses.[2] In addition, at least one of appellant's present offenses is a felony. The district court found, and appellant does not dispute, that the current felony offense was committed as part of a pattern of criminal conduct. Furthermore, the psychological-evaluation report noted appellant's failure to appreciate the consequences of his actions as well as the likelihood that he will reoffend. And the presentence-investigation report recommended that appellant be sentenced as a career offender under Minn. Stat. § 609.1095, subd. 4, and that the maximum sentence be imposed.

---

[2] Appellant has an extensive criminal record, which, at the time of appellant's trial, spanned over 25 years.

4

Appellant cites *State v. Norris*, 428 N.W.2d 61 (Minn. 1988), and *State v. Goulette*, 442 N.W.2d 793 (Minn. 1989), for the proposition that this court must vacate appellant's 60-month sentence because it "unfairly exaggerates the criminality of appellant's conduct." However, appellant's reliance on *Norris* and *Goulette* is misguided, as neither *Norris* nor *Goulette* implicated the career-offender statute. And beyond *Norris* and *Goulette*, appellant fails to identify any case in which criminal conduct similar to his own, or more serious than his own, was punished more leniently.

Both *Norris* and *Goulette* discussed the appropriateness of imposing multiple sentences for a single behavioral incident involving multiple victims. In such cases, the applicable standard provides that a district court may impose multiple sentences for convictions arising out of a single behavioral incident if (1) the offenses involve multiple victims and (2) multiple sentences do not unfairly exaggerate the criminality of the offender's conduct. *State v. Marquardt*, 294 N.W.2d 849, 850-51 (Minn. 1980). Appellant's crime involved only one victim, so the aforementioned standard concerning whether the sentence exaggerates the criminality of the offender's conduct is inapplicable.

Appellant was properly sentenced under Minn. Stat. § 609.1095, subd. 4, the career-offender statute. The district court found, on the record, that appellant satisfied the career-offender statutory criteria. Accordingly, the district court was permitted to impose an aggravated durational departure up to the statutory maximum sentence. Therefore, the district court acted within its authority when it sentenced appellant to 60 months

imprisonment for violating Minn. Stat. § 609.2242, subd. 4. No additional finding of severe aggravating factors was necessary. Minn. Sent. Guidelines 2.D.3.b.(9).

## II. The district court did not err in finding that sufficient evidence supports appellant's count III conviction for violating a DANCO.

Appellant also submitted a supplemental brief in which he asserts two arguments. First, appellant asserts an argument identical to that raised by his counsel, invoking *Norris* and *Goulette* to support the proposition that his 60-month sentence is disproportionate to the crime charged. For the reasons previously discussed, *Norris* and *Goulette* are inapposite, and that argument is not supported by law. Second, appellant purports to provide an explanation for a mix-up regarding the no-contact order in place at the time of the November 29, 2012 offense. Appellant asserts that the no-contact order in place at the time of the offense was in fact for the victim's mother, not E.G. herself.

As an initial matter, this argument is not properly before this court because it was not presented to the district court. Appellant raised this issue at his resentencing hearing on October 29, 2014. Appellant was granted a continuance until November 18, 2014, to further investigate the facts which gave rise to the no-contact order. The district court advised appellant that he should file a petition for post-conviction relief to have this matter addressed. Moreover, this appeal was stayed so that appellant could investigate whether to pursue post-conviction relief regarding same. Appellant decided not to pursue post-conviction relief. Therefore, because the issue was not appropriately presented to the trial court, it was not preserved for consideration by this court. *Roby v. State*, 547 N.W.2d 354, 357 (Minn. 1996).

6

Even if we were to consider the issue raised by appellant, his claim lacks merit. We construe appellant's argument as a challenge to the sufficiency of the evidence underlying his count III conviction. In considering a claim of insufficient evidence, this court must carefully examine the record to determine whether the evidence, when viewed in the light most favorable to the conviction, is sufficient to allow the jury to reach the verdict that it did. *State v. Webb*, 440 N.W.2d 426, 430 (Minn. 1989). The reviewing court will not disturb the verdict if the jury, acting with due regard for the presumption of innocence and the requirement of proof beyond a reasonable doubt, could reasonably conclude the defendant was guilty of the charged offense. *Bernhardt v. State*, 684 N.W.2d 465, 476-77 (Minn. 2004).

There is nothing in the record to support appellant's assertion that the no-contact order in place at the time of his offense should have covered E.G.'s mother, not E.G. To the contrary, the record reflects that the no-contact order was indeed issued for E.G. Furthermore, at appellant's trial, E.G. testified that Anoka County had a no-contact order in place between E.G. and appellant, that appellant was not supposed to be in contact with her, and that both she and appellant were aware of the no-contact order.

**Affirmed.**