*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1945**

State of Minnesota,
Respondent,

vs.

Gideon Charles Arrington, II,
Appellant

**Filed January 11, 2016
Affirmed
Worke, Judge**

Anoka County District Court
File No. 02-CR-13-8457

Cathryn Middlebrook, Chief Appellate Public Defender, Kathryn J. Lockwood, Assistant
Public Defender, St. Paul, Minnesota (for appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Anthony C. Palumbo, Anoka County Attorney, Kelsey R. Kelley, Assistant County
Attorney, Anoka, Minnesota (for respondent)

Considered and decided by Worke, Presiding Judge; Larkin, Judge; and Bjorkman,
Judge.

**U N P U B L I S H E D   O P I N I O N**

**WORKE**, Judge

Appellant challenges his 324-month executed sentence for first-degree criminal

sexual conduct, arguing that the district court abused its discretion by imposing a

sentence nearly double that of the presumptive sentence. Appellant also seeks to withdraw his guilty plea due to ineffective assistance of counsel. We affirm.

## FACTS

In November 2013, appellant Gideon Charles Arrington, II approached Z.A. as she left her workplace to run errands and told her that he was a police officer. When Z.A. returned to her workplace, Arrington forced her into his vehicle, threatened to shoot her if she did not comply, and stuck an object into her back that she believed to be a gun. Arrington handcuffed Z.A., blindfolded her with duct tape, and drove her to his house. He left Z.A. in a cold garage for a prolonged period of time. Arrington subsequently penetrated Z.A.'s mouth with his penis and forced his penis into her vagina on at least two occasions. After each assault, Arrington scrubbed Z.A. with a bleach solution, and once made her sit in a bleach bath. He washed her clothes, eventually returning them to her in wet condition. Arrington kept Z.A. blindfolded and threatened to kill her if she was not quiet and compliant. He put a gun into her mouth. He told her that he knew where she lived and threatened to kill her if she contacted the police. After nine hours, Arrington released Z.A. Z.A. alerted a taxi driver who contacted the police after observing her wearing wet clothes, smelling of bleach, having duct tape in her hair, and suffering from wounds left on her face from the duct tape.

DNA samples taken from Z.A.'s body matched Arrington, and a witness to the kidnapping identified Arrington in a sequential lineup. Arrington was charged with three counts of first-degree criminal sexual conduct and one count of kidnapping.

After jury selection, Arrington entered an *Alford* plea[1] to one count of first-degree criminal sexual conduct and waived his right to a *Blakely* jury trial[2] in exchange for a maximum executed sentence of 324 months and the dismissal of the remaining counts. The district court imposed a 324-month sentence, slightly less than double the presumptive sentence under the Minnesota Sentencing Guidelines, based upon four aggravating factors: (1) there were multiple acts and/or types of penetration; (2) the victim was treated with particular cruelty; (3) Arrington had a prior felony offense involving injury to a victim; and (4) there was an abuse of trust. This appeal follows.

**D E C I S I O N**

*Sentencing*

Arrington first argues that the district court abused its discretion by granting the state's motion for an upward sentencing departure because the imposed sentence unduly exaggerates the criminality of his conduct. A district court has great discretion in sentencing, and we will not reverse a sentencing decision absent an abuse of discretion. *State v. Soto*, 855 N.W.2d 303, 307-08 (Minn. 2014). To justify a durational departure from the presumptive sentence, there must be "substantial and compelling circumstances." *Rairdon v. State*, 557 N.W.2d 318, 326 (Minn. 1996). "If the record supports findings that substantial and compelling circumstances exist, this court will not

---

[1] In an *Alford* plea, the accused maintains his innocence but "reasonably concludes that there is evidence which would support a jury verdict of guilty." *State v. Goulette*, 258 N.W.2d 758, 760 (Minn. 1977).

[2] *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004), holds that a defendant is entitled to a jury determination on whether there are aggravating factors warranting an upward durational sentencing departure. *State v. Dettman*, 719 N.W.2d 644, 647 (Minn. 2006).

modify the departure unless it has a strong feeling that the sentence is disproportional to the offense." *State v. Anderson*, 356 N.W.2d 453, 454 (Minn. App. 1984) (quotation omitted). Aggravating factors give the district court discretion to impose a sentence up to twice the length of the presumptive prison term. *Dillon v. State*, 781 N.W.2d 588, 596 (Minn. App. 2010), *review denied* (Minn. July 20, 2010).

The district court relied upon four substantial and compelling reasons to support the sentencing departure. First, it concluded that Arrington committed multiple acts of penetration, based on the fact that he forced Z.M. to perform fellatio on him and penetrated her vagina multiple times. "The fact that a defendant has subjected a victim to multiple forms of penetration is a valid aggravating factor in first-degree criminal sexual conduct cases." *State v. Yaritz*, 791 N.W.2d 138, 145 (Minn. App. 2010) (quotation omitted), *review denied* (Minn. Feb. 23, 2011). Therefore, the district court properly relied upon this reason.

Second, the district court concluded that Arrington treated Z.A. with particular cruelty based on numerous facts, including blindfolding her with duct tape, forcing her to bathe in bleach, holding her in an unheated garage for an extended period of time, and threatening to kill her. The Minnesota Sentencing Guidelines permit an upward durational departure where a defendant treats a victim with particular cruelty. Minn. Sent. Guidelines 2.D.3.b.(2) (Supp. 2013); *see also Tucker v. State*, 799 N.W.2d 583, 587 (Minn. 2011) (noting that an upward sentencing departure based on particular cruelty is not an abuse of the district court's discretion when the cruelty is not usually associated

4

with the relevant offense). Based on the record, the district court properly relied upon this as an aggravating factor.

Third, it is undisputed that Arrington was previously convicted of felony first-degree aggravated robbery involving injury to a victim. The sentencing guidelines permit an upward durational departure where the "current conviction is for a criminal sexual conduct offense . . . and . . . the offender has a prior felony conviction for . . . an offense in which the victim was otherwise injured." Minn. Sent. Guidelines 2.D.3.b.(3) (Supp. 2013). Therefore, the district court properly relied upon this aggravating factor.

Fourth, the district court concluded that Arrington abused Z.A.'s trust because he told her he was a police officer and suggested that, because of this, he knew where she lived and could find her later. Arrington asserts that impersonating a police officer is a separate offense that cannot be used to enhance his criminal-sexual-conduct offense, and that he was not in a position of trust because he was not a police officer. Because the district court relied upon numerous other factors that support the upward sentencing departure, we need not determine whether abuse of trust is a proper aggravating factor here. *See Dillon*, 781 N.W.2d at 595-96 (holding that a single aggravating factor is sufficient to justify an upward departure).

Arrington contends that even if his sentence was "technically permissible," it unfairly exaggerates the criminality of his conduct. We disagree. Arrington does not cite caselaw demonstrating that the district court could not use the four aggravating factors to impose a durationally increased sentence. Rather, he cites caselaw reducing multiple consecutive sentences. *See, e.g.*, *State v. Goulette*, 442 N.W.2d 793, 795 (Minn. 1989)

(affirming defendant's convictions but reducing aggregate sentence where five consecutive sentences unfairly exaggerated the defendant's criminal conduct).

***Guilty plea withdrawal and ineffective assistance of counsel***

Arrington argues that his guilty plea is invalid because he was pressured by counsel to enter a plea, and asks this court to permit him to raise an ineffective-assistance-of-counsel claim in a postconviction proceeding. "Generally, an ineffective assistance of counsel claim should be raised in a postconviction petition for relief, rather than on direct appeal." *State v. Gustafson*, 610 N.W.2d 314, 321 (Minn. 2000). But a party may directly raise the issue of plea-withdrawal on appeal if the record is sufficient for this court to reach a conclusion on the validity of the plea. *State v. Newcombe*, 412 N.W.2d 427, 430 (Minn. App. 1987), *review denied* (Minn. Nov. 13, 1987). Arrington concedes that the record is likely insufficient to establish an effective-assistance-of-counsel claim at this point. Based on the record before us, we are unable to conclude whether counsel was effective and whether the plea is valid. Therefore, the issue of whether Arrington's guilty plea is invalid based on ineffective assistance of counsel is preserved for postconviction proceedings, in accordance with the law, should Arrington choose to initiate them.

**Affirmed.**