**STATE of Minnesota, Respondent,**

**v.**

**Robert Archie KUNSHIER, Appellant.**

**No. CX–87–207.**

Court of Appeals of Minnesota.

Aug. 11, 1987.

Review Denied Oct. 21, 1987.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Robert F. Carolan, Dakota Co. Atty., Mark Nathan Lystig, Asst. Co. Atty., Hastings, for respondent.

C. Paul Jones, State Public Defender, Bradford Colbert, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by NIERENGARTEN, P.J., and FOLEY and RANDALL, JJ., with oral argument waived.

## OPINION

RANDALL, Judge.

This appeal is from judgments of conviction and sentences for two counts of second degree assault. The trial court denied appellant's motion to withdraw his guilty plea before sentencing. We reverse and remand.

## FACTS

On May 8, 1986, appellant Robert Kunshier approached a woman in a West St. Paul shopping center parking lot. As the victim was putting her child into the car seat, appellant brandished a razor blade knife and stated he wanted the car. The woman was able to tell a passerby to call the police and she stalled for time. A police officer soon arrived and arrested appellant.

Appellant was charged with two counts of kidnapping, Minn.Stat. §§ 609.25, subd. 1(2) (1986), 609.11 (1986), two counts of assault in the second degree, Minn.Stat. §§ 609.222 (1986), 609.11, and one count of attempted aggravated robbery, Minn.Stat. §§ 609.245 (1986), 609.11, 609.17 (1986). Following plea negotiations, he pleaded guilty to all five counts.

At the guilty plea hearing, the prosecutor and defense counsel stated the plea agreement as follows:

> Prosecutor: In our discussions in chambers, I have indicated that presumptive sentence the Court could impose for the two assault and second degree [sic] charges would be 44 months on the first charge and under the Hernandez method of computing, a concurrent sentence of 54 months for the second charge. *It's my understanding that that's the explication under which he is pleading guilty.*
>
> Defense Counsel: That's correct, your honor. In other words, he'll be entering a plea of guilty to all counts. He will be sentenced at the time that the sentencing occurs to two counts of Assault in the Second Degree against two separate victims. Using the Hernandez method, *he will wind up with a sentence to the Commissioner of Corrections for a term of 54 months* with credit for time served.

(Emphasis added). At a later point, appellant was questioned as follows:

> Defense counsel: You understand that you will be ultimately be sentenced to 54 months as part of this plea bargain?
>
> Appellant: Yes.

After the guilty pleas were taken, the court ordered appellant sent to St. Peter State Hospital for evaluation for possible treatment in a sex offender program. This evaluation was part of a presentence investigation. While at St. Peter, appellant escaped and allegedly committed other offenses before his recapture.

At the sentencing hearing, the prosecutor recommended the court impose presumptive sentences for the assault convictions, but under consecutive rather than

concurrent sentencing. Appellant then moved to withdraw his guilty pleas. The trial court denied the motion, finding no definite promises had been made on sentencing. The court imposed presumptive consecutive sentences of 42 and 36 months.

## ISSUE

Did the trial court err by refusing to permit appellant to withdraw his guilty plea?

## ANALYSIS

■ The trial court is vested with broad discretion in determining whether a defendant is allowed to withdraw his guilty plea. *See State v. Ferraro,* 403 N.W.2d 845, 847 (Minn.Ct.App.1987); Minn.R.Crim.P. 15.05, subd. 2. However, if an unqualified promise is made on the sentence to be imposed, a defendant should be allowed to withdraw his guilty plea if that promise is not fulfilled. *Kochevar v. State,* 281 N.W.2d 680, 687 (Minn.1979); *State v. Trott,* 338 N.W.2d 248, 252 (Minn.1983).

■ The portions of the guilty plea transcript quoted above plainly show appellant was promised a sentence of 54 months, based on concurrent sentencing. This is not the case of a defendant trying to stretch an optimistic estimate into an unqualified promise. *See e.g. Lallier v. State,* 403 N.W.2d 880, 882 (Minn.Ct.App. 1987) (defendant given the impression by his counsel the prosecutor would agree to a guidelines sentence).

At the guilty plea hearing, appellant was told three times in the course of questioning that his sentence would be 54 months. The prosecutor stated, "It's my understanding that that's the explication under which he is pleading guilty." *Cf. Lallier,* 403 N.W.2d at 881 (prosecutor and defendant stated no bargain was made as to the sentence). Although the prosecutor referred to the plea as a "straight plea," immediately thereafter he asked appellant if he understood

> [i]f for some reason this is not [ap]proved by the Court or is withdrawn by you with the Court's approval * * * you would stand trial on all five charges * * * and all terms of sentencing would be wide open?

The record leaves no doubt that a sentencing agreement was reached.

■ If the trial court does not wish to accept the offered plea agreement prior to final sentencing, it must articulate its non-acceptance to the two attorneys and appellant, and reserve the right to reject the agreement after seeing the presentence investigation. At sentencing, if it does not wish to impose the offered sentence, it must inform appellant of his right to withdraw the guilty plea and his right to take his chances at trial on all counts. *See* Minn.R.Crim.P. 15.04, subd. 3(1). Here, the court sat silent after both counsel put the offered plea agreement on the record, and allowed appellant to plead guilty under circumstances indicating appellant reasonably thought he had a firm agreement. The court could not, at the subsequent sentencing, exercise its right[1] to impose any sentence deemed proper, within statutory limits, without first offering appellant his right to withdraw his guilty plea and stand trial.

From an examination of the record and the verbatim transcript of the prosecutor's statement, the defense attorney's statement, and appellant's statement, we are satisfied appellant's plea was not unqualified, and was not a "straight up" guilty plea. His plea was based on a promise, which the trial court had no discretion to reject without tendering to appellant his

---

1. The legal issue addressed is not the right of any trial judge to reject an offered plea agreement. Courts have that right. Trial judges at sentencing even have the right to change their minds about a previous plea agreement they earlier deemed acceptable. For instance, a presentence investigation may turn up facts unknown to all parties. The point is that, whenever a defendant has pleaded guilty pursuant to his understanding that there is a plea bargain as to the charges or to the ultimate sentence, the defendant must be offered the right to withdraw that plea of guilty and stand trial if, for any reason, the trial judge exercises the discretion that is his not to follow the proposed agreement.

right to withdraw that plea and stand trial. *See Kochevar v. State,* 281 N.W.2d at 687.

The State claims there was no firm plea agreement, but argues that, if there was, appellant forfeited his right to it by acts committed after the hearing. The State argues he, therefore, forfeited his right to withdraw his guilty plea and stand trial, even assuming that before the acts, committed subsequent to the hearing, he would have had that right. We disagree strongly.

The trial court sentencing appellant would have been within its rights to consider his subsequent acts and to indicate that it rejected the offered plea agreement. In that case, appellant would still have retained his right to withdraw his guilty plea and stand trial. The prosecutor, based on those alleged crimes committed subsequent to the guilty plea hearing, could also ethically have notified the court and defense counsel he was withdrawing the previously offered plea agreement. But to exercise that right, the prosecutor must advise the court that, because the State is withdrawing the offered plea agreement to which appellant pleaded, the State does not oppose appellant's motion to withdraw his guilty plea.[2]

 Defendants, once they offer qualified guilty pleas, do not forfeit their right to withdraw those pleas of guilty and stand trial if, because of later events, the trial court or the prosecution ethically change their minds about previous agreements that were reached. *See State v. Wolske,* 280 Minn. 465, 160 N.W.2d 146 (1968).

On remand, the trial court may choose to sentence appellant according to the plea agreement of 54 months under concurrent sentencing. If the trial court does not so choose, appellant must be offered the right to withdraw his guilty plea and stand trial, or appellant can, if he chooses, plead "straight up" without the benefit of any plea agreement as to sentence.

2. Although the issue is not before us, nothing in the record indicates that, on appellant's subsequent bad acts, the county attorney involved is barred from charging those bad acts out as crimes, independent of the crimes to which appellant pleaded guilty. That can be done.

Appellant moved to strike portions of the State's brief and appendix relating to subsequent events. We considered them only to reject the State's argument that they constitute a forfeiture of appellant's right to withdraw his guilty plea.

**DECISION**

The trial court erred by denying appellant's motion to withdraw his guilty pleas. We remand for further proceedings consistent with this opinion.

Reversed and remanded.

What the State cannot do is claim that an offered plea agreement can be withdrawn because of subsequent bad acts but, because of the claimed bad acts, determine the defendant forfeited his right to withdraw his qualified guilty plea.