STATE of Minnesota, Respondent,

v.

Kevin Eugene KORTKAMP, Appellant.

No. C3–96–993.

Court of Appeals of Minnesota.

Feb. 18, 1997.

Bradford Colbert, Assistant State Public Defender, St. Paul, for Appellant.

Hubert H. Humphrey III, Attorney General, St. Paul, for Respondent.

Susan Gaertner, Ramsey County Attorney, Darrell C. Hill, Assistant Ramsey County Attorney, St. Paul, for Respondent.

Considered and decided by NORTON, P.J., and LANSING and HUSPENI, JJ.

## OPINION

HUSPENI, Judge.

In this appeal from a conviction following a plea of guilty to one count of offering a forged check, appellant alleges that the trial court erred in failing to permit him to withdraw his plea. Appellant also challenges his sentence as a career offender pursuant to Minn.Stat. § 609.152, subd. 3, and alleges lack of notice of the state's planned use of uncharged conduct to establish career offender status. Because we agree that (1) appellant was entitled to withdraw his plea and (2) appellant should have been given notice of the intended use of uncharged conduct, we reverse and remand.

## FACTS

On November 28, 1995, appellant Kevin Eugene Kortkamp went to the Little Canada Bingo Hall and presented a $100 forged check. The check was not accepted because Kortkamp appeared nervous and presented a paper identification with an inaccurate physical description. On November 29, 1995, Kortkamp went to the same bingo hall and presented another $100 forged check. Again, the check was refused, and this time Kortkamp was arrested.

The checks Kortkamp used had been stolen in a house burglary on November 28, 1995. Kortkamp was charged with two counts of offering a forged check. During Kortkamp's plea interrogation, he acknowledged that he had no right to the money, claimed that he found the checks in a parking lot, and admitted that he had a prior felony conviction for burglary within the past five years. Kortkamp's offense, normally a gross misdemeanor, became a felony because of his prior conviction.

Pursuant to a plea agreement, Kortkamp pleaded guilty to one count of offering a forged check. As part of the plea agreement, the state amended the complaint to consolidate the two incidents into one count and agreed to recommend that Kortkamp be sentenced in accordance with the guidelines and that his sentence run concurrently with time he might receive on two other felony charges then pending against him. The presumptive sentence was 19 months. The court informed Kortkamp at his plea hearing that the court was aware of his criminal history and that he must obey all laws prior to his sentencing: "[I]f you get into any trouble between today and the time I sentence you * * * all bets are off about any disposition I make." Kortkamp said he understood this and proceeded to plead guilty.

On January 10, 1996, the same day as his guilty plea in this matter, Kortkamp was issued a citation and on January 31, 1996, pleaded guilty to a misdemeanor offense of possession of stolen property, consisting of two pads of stolen checks. On February 28, 1996, the state moved to have Kortkamp sentenced as a career offender, which pursuant to Minn.Stat. § 609.152, subd. 3 (1994), the career offender statute, could result in a statutory maximum sentence of five years.

At the sentencing hearing on March 6, 1996, Kortkamp sought specific performance of his January 10, 1996, plea agreement. The trial court ruled that the state was not bound by that plea agreement because Kortkamp had failed to remain law abiding between his guilty plea and his sentencing.

The trial court allowed the state to present evidence in support of its motion to have Kortkamp sentenced as a career offender. This evidence included the testimony of a St. Paul Police Department sergeant (based on his own investigations and written reports from other police agencies) regarding Kortkamp's criminal activities. The officer testified to nine incidents occurring between July 1995 and January 1996, two of which resulted in either a charge or conviction.

Kortkamp objected to the officer's testimony on the basis that it (1) was hearsay, (2) lacked foundation, (3) was based on uncharged offenses, (4) was prejudicial, (5) was irrelevant, and (6) failed to give notice of the witness. The trial court overruled the objections and concluded that in order to show "a pattern of criminal conduct," pursuant to Minn. Stat § 609.152, subd. 3, the state has a right to present evidence and testimony that may tend to show a pattern of criminal conduct that is not necessarily a felony or misdemeanor and did not lead to a conviction.

Kortkamp's criminal history lists convictions for three felony burglaries in 1985, felony burglary in 1986, felony theft in 1989, felony burglary in 1991, and tampering and obstructing legal process in 1994. At the time of sentencing, Kortkamp had been charged with separate offenses of second-degree assault and financial transaction card fraud. Based on Kortkamp's six prior felonies and the testimony of the police officer, the trial court found Kortkamp to be a career offender. The presumptive sentence for Kortkamp's present conviction was 19 months; however, pursuant to the career offender statute, he was sentenced to five years.

## ISSUES

1. Must Kortkamp be allowed to withdraw his plea because the state breached its plea agreement?

2. Did the trial court err because Kortkamp was not provided adequate notice of the use of uncharged offenses at his sentencing hearing?

## ANALYSIS

### 1. Withdrawal of the guilty plea.

Kortkamp argues that the state did, in fact, breach its plea agreement, and the trial court erred in refusing to permit withdrawal of his guilty plea.[1] We agree.

The general rule is that a trial court has broad discretion in determining whether a defendant is allowed to withdraw his guilty plea. *State v. Kunshier*, 410 N.W.2d 377, 379 (Minn.App.1987), *review denied* (Minn. Oct. 21, 1987); Minn. R.Crim. P. 15.05, subd. 2. However, if the state makes an unqualified promise, a defendant should be allowed to withdraw his guilty plea if that

promise is not fulfilled. *Kunshier*, 410 N.W.2d at 379 (citations omitted). We believe that because the posture of this case is indistinguishable from *Kunshier*, this case requires a similar result.

Kunshier was charged with two counts of kidnapping, two counts of assault in the second degree, and one count of attempted aggravated robbery. *Id.* at 378. Following plea negotiations, Kunshier agreed to plead guilty to all five counts and the prosecution agreed to recommend that the trial court impose the presumptive sentences to run concurrently. *Id.*

Kunshier was transferred to St. Peter State Hospital as part of the presentence evaluation; he escaped and allegedly committed other offenses before his recapture. *Id.* At Kunshier's sentencing hearing, the prosecutor recommended consecutive rather than concurrent sentencing. *Id.* at 378–79. Kunshier's motion to withdraw his guilty plea was denied. On appeal, this court concluded that Kunshier's plea was based on the prosecution's promise to recommend concurrent sentences for the assault charges and, because the prosecutor did not keep that promise, the trial court had no discretion to refuse Kunshier the right to withdraw his plea and stand trial. *Id.* at 379–80.

Here, as in *Kunshier*, the state agreed to recommend a particular sentence if Kortkamp agreed to plead guilty. When the state promises to recommend a particular sentence, and does not keep that promise, a defendant should be allowed to withdraw his guilty plea. *Id.* at 379. Kortkamp did plead guilty, but the state did not keep its promise. Because we believe *Kunshier* is controlling here, we conclude that Kortkamp must be allowed to withdraw his plea and stand trial.[2]

---

1. The record contains substantial evidence of Kortkamp's request that the plea recommendation be specifically enforced, but absent specific enforcement, an alternative request to withdraw the guilty plea if the state was permitted to raise the career offender statute can be inferred from Kortkamp's attorney's statement that Kortkamp would never have pleaded guilty if he had known the state would raise the career offender statute. Therefore, we address the issue of withdrawal of the guilty plea.

2. Because we believe that the state breached the plea agreement and *Kunshier* is controlling, we do not reach the issue of the trial court's independent duty, if any, to permit withdrawal of Kortkamp's guilty plea pursuant to Minn. R.Crim. P. 15.04, subd. 3(1). *Cf. State v. DeZeler*, 427 N.W.2d 231, 234 (Minn.1988) ("defendant is not entitled to withdraw the plea unless he can establish either (a) that, * * * he mistakenly believed that he could withdraw his plea if the trial court rejected the prosecutor's recommendation

## 2. Adequate notice of uncharged allegations.[3]

The state at the sentencing moved for an upward durational departure

> based upon the complaint and supplemental disclosure, the pre-sentence investigation, testimony adduced during the January 17, 1996 bail hearing, District Court File No. T6966086 and the arguments of counsel.

Kortkamp objects to the testimony of the St. Paul Police sergeant, arguing he was denied due process because he had no notice of this testimony or its content. The trial court noted but did not rule on Kortkamp's lack of notice objection. Kortkamp's arguments have merit.

We recognize that the state may use prior uncharged acts to prove the "pattern of criminal conduct" required to sentence under the career offender statute. *State v. Gorman,* 546 N.W.2d 5, 9 (Minn. 1996). The sentencing process, however, must comply with due process. *Gardner v. Florida,* 430 U.S. 349, 358, 97 S.Ct. 1197, 1204, 51 L.Ed.2d 393 (1977). In sentencing proceedings, due process requires that a defendant have notice, an opportunity to be heard, and an opportunity to confront and cross-examine witnesses. *State v. Adams,* 295 N.W.2d 527, 535 (Minn.1980). We also recognize that "the Due Process clause has little to say regarding the amount of discovery which the parties must be afforded." *Gray v. Netherland,* —— U.S. ——, ——, 116 S.Ct. 2074, 2083, 135 L.Ed.2d 457 (1996) (quotation omitted).[4] But here Kortkamp lacked notice not only of the content of the testimony or the precise uncharged acts that

the state would attempt to prove, but also the fact that the officer would testify at all.

A defendant is entitled to a copy of a presentence investigation and to a copy of the probation report if the court is considering whether to discharge and dismiss under Minn.Stat. § 152.18. *State v. Ender,* 467 N.W.2d 39, 41 (Minn.App.1991); *see* Minn. R.Crim. P. 27.03, subd. 1; Minn.Stat. § 609.115, subd. 4 (1994). Kortkamp lacked the equivalent notice of the proposed use of the career offender statute in sentencing. The supreme court has noted the unfairness of requiring a defendant at trial to defend himself against various allegations of misconduct of which he has no notice. *State v. Spreigl,* 272 Minn. 488, 495–96, 139 N.W.2d 167, 171–72 (1965). Although Kortkamp did not have a right to full discovery, as he would before trial, the notice he received before sentencing is similarly lacking and violates the elementary notice required by due process.[5]

Because the trial court failed to allow Kortkamp to withdraw his guilty plea and because Kortkamp was not provided adequate notice of the uncharged allegations to be used against him at his sentencing hearing, we reverse and remand. This determination renders consideration of Kortkamp's additional issues unnecessary because those issues will be substantially affected by proceedings on remand.

## DECISION

The trial court erred in failing to allow Kortkamp to withdraw his guilty plea. Kortkamp was denied due process when he was not provided adequate notice of the un-

---

or (b) that there is some other ground for withdrawal.")

3. Because Kortkamp now has full knowledge of the evidence the state plans to introduced in order to establish his career offender status, this issue is arguably moot. However, because this type of issue evades review and is likely to recur in future cases, we address the issue, thereby preventing an additional reversal and remand.

4. Here, our due process concerns relate only to Kortkamp's uncharged offenses. As to notice

regarding charged offenses, the fact that a defendant has been charged with a crime provides adequate notice that the charged offense may be used in sentencing under the career offender statute.

5. We do not suggest by our holding that the only remedy for lack of notice is exclusion of the evidence of the uncharged offenses; a continuance may also be a proper remedy. *See Gray,* —— U.S. at ——, 116 S.Ct. at 2084.

charged allegations to be used against him at his sentencing hearing.

**Reversed and remanded.**