William Paul **VICKLA**, Respondent,

v.

**STATE of Minnesota, Appellant.**

No. A09–830.

Supreme Court of Minnesota.

Jan. 26, 2011.

David W. Merchant, Chief Appellate Public Defender, Ngoc Nguyen, Assistant State Public Defender, St. Paul, MN, for respondent.

Lori Swanson, Attorney General, St. Paul, MN; and James C. Backstrom, Dakota County Attorney, Kevin J. Golden, Assistant Dakota County Attorney, Hastings, Minnesota, for appellant.

## OPINION

DIETZEN, Justice.

After pleading guilty to offering forged checks in an amount greater than $35,000, waiving his right to a jury trial on the sentencing issues, and admitting he qualified as a career offender under Minn.Stat. § 609.1095, subd. 4 (2010), respondent William Paul Vickla received the statutory-maximum sentence of 240 months.[1] Vickla filed a petition for postconviction relief, arguing that the district court erred when it imposed the statutory-maximum sentence for his conviction. The postconviction court denied the petition, but the court of appeals reversed and remanded for resentencing. The principal issue raised in this appeal is whether the district court abused its discretion when it sentenced Vickla to the statutory-maximum sentence under the repeat-felony-offender statute. Because we conclude the 240–month statutory-maximum sentence imposed on Vickla is not unreasonable, excessive, inappropriate, unjustifiably disparate, or not warranted by the findings of fact issued by the district court, we reverse the decision of the court of appeals and reinstate the 240–month sentence ordered by the district court.

In an amended complaint, Vickla was charged in Dakota County District Court with offering forged checks in an aggregate amount greater than $35,000, in violation of Minn.Stat. § 609.631, subds. 3 and 4(1) (2010); possession of counterfeit checks, in violation of Minn. Stat. § 609.528, subd. 2 (2010); and aiding and abetting the offering of forged checks in an amount greater than $2,500, in violation of Minn.Stat. §§ 609.05, 609.631, subds. 3 and 4(2) (2010). The State also gave notice that it intended to seek an upward durational sentencing departure under the repeat-felony-offender statute, Minn.Stat. § 609.1095, subd. 4.

In March 2007, pursuant to a plea agreement, Vickla pleaded guilty to one count of offering forged checks in an aggregate amount greater than $35,000 and waived his right to a jury trial on the sentencing issues. The State agreed to

---

1. Prior to 1998, Minn.Stat. § 609.152, subd. 3 (1996), provided courts with the authority to sentence defendants to the statutory maximum when the defendant met the statutory criteria of a "career offender." In 1998, section 609.152 was repealed, and Minn.Stat. § 609.1095, subd. 4 (2004), was enacted to provide courts with similar sentencing authority; however, defendants qualifying under the statutory criteria are now considered "repeat felony offenders." Both parties and the court of appeals refer to defendants sentenced under section 609.1095, subdivision 4, as "career offenders." For consistency, we will not change the terminology they used. But in our discussion, we will use the "repeat felony offender" terminology.

dismiss the other two counts. No agreement was made on the sentence.

At his guilty-plea hearing, Vickla testified that between April and October 2004 he received checks from Africa with an aggregate value of around $35,000; that he knew or had a strong suspicion the checks were counterfeit; and that he took the counterfeit checks to the bank to deposit into his bank account knowing he was not entitled to the funds. He also admitted he had five or more prior felony convictions and the current offense formed a pattern of criminal conduct with those prior felony convictions. The district court accepted Vickla's guilty plea and ordered a presentence investigation (PSI) report.

The PSI report set forth Vickla's entire criminal history, including his eleven felony convictions since 1970.[2] Vickla's criminal-history score, however, was only three because nine of his prior felony convictions were too old to be included when calculating his criminal-history score. See Minn. Sent. Guidelines II.B.1.f (establishing a 15-year decay factor for convictions in computing a criminal-history score). As a result, the presumptive sentence was 33 months. The PSI report recommended Vickla be sentenced as a career criminal under Minn.Stat. § 609.1095, subd. 4, and noted that, as a career criminal, he could be sentenced to the statutory maximum of 240 months.

At the sentencing hearing, Vickla made a motion for a downward dispositional de-

parture and asked for a 66-month stayed sentence. The State requested imposition of the 240-month statutory-maximum sentence. The district court denied Vickla's motion for a downward dispositional departure, determined Vickla was a career offender, and sentenced him to the statutory maximum of 240 months in prison.[3] The court reasoned Vickla's 35-year history of criminal activity, which included a pattern of criminal conduct, and Vickla's prior prison sentences that had not caused him to change his conduct, justified imposition of the statutory-maximum sentence. Instead, Vickla had continued to commit crimes and had failed to take reasonable steps to address his depression, which he claimed caused his criminal conduct.

Vickla did not file a direct appeal. In January 2009, he filed a petition for postconviction relief, arguing his sentence was excessive and should be reduced to the presumptive guidelines sentence of 33 months. The postconviction court denied the petition without a hearing, and Vickla appealed. The court of appeals reversed and remanded for resentencing. *Vickla v. State*, 778 N.W.2d 354, 361 (Minn.App. 2010). The court of appeals relied on *Neal v. State*, 658 N.W.2d 536 (Minn.2003), to conclude that district courts "should consider sentences imposed in other cases for the same offense to ensure that a sentence is proportional to the gravity of the offense and not unreasonable or excessive." *Vickla*, 778 N.W.2d at 359. After comparing Vickla's sentence to sentences imposed in

2. These felonies included aggravated forgery (1970), burglary (1973, 1973, 1976), aggravated robbery (1975), theft (1978, 1981, 1982, 1995), fourth-degree criminal sexual conduct (1982), and first-degree criminal sexual conduct (1986). In May 2007, one month before the sentencing hearing in this case, Vickla was also convicted of failure to register as a predatory offender.

3. Vickla was sentenced pursuant to Minn. Stat. § 609.631, subd. 4(1), which states "[a] person who is convicted under subdivision ... 3 [for offering forged checks] may be sentenced ... to imprisonment for not more than 20 years [240 months] ... if the forged check or checks are used to obtain or in an attempt to obtain, property or services of more than $35,000 or the aggregate amount of the forged check or checks is more than $35,000."

other forgery- and theft-related cases, the court concluded Vickla's sentence was not "commensurate with the gravity of the crime and therefore is unreasonable and excessive." *Id.* at 361. We granted review.

The State argues that Vickla is a repeat-felony offender under Minn.Stat. § 609.1095, subd. 4, and that the district court did not abuse its discretion in imposing the statutory-maximum sentence. Thus, the State urges that we reverse the court of appeals. Vickla argues the 240–month statutory-maximum sentence imposed is excessive, unreasonable, and unjustifiably disparate, and therefore the court of appeals' decision to remand for resentencing should be affirmed.

■■■ Statutory interpretation is a question of law that we review de novo. *State v. Engle,* 743 N.W.2d 592, 593 (Minn. 2008). We review a district court's decision to depart from the presumptive guidelines sentence for an abuse of discretion. *State v. Edwards,* 774 N.W.2d 596, 601 (Minn.2009). If the reasons given are "legally permissible and factually supported in the record," then we will affirm the departure. *Id.*

Minnesota Statutes § 609.1095, subd. 4, states that a court "may impose an aggravated durational departure from the presumptive sentence up to the statutory maximum" when the defendant qualifies as a repeat-felony offender. To qualify as a repeat-felony offender, the defendant must have "five or more prior felony convictions" and "the present offense [must be] a felony that was committed as part of a pattern of criminal conduct." *Id.* The statute does not limit the court's discretion and does not require any additional findings before sentencing a defendant to the statutory maximum. *See id.* Moreover, the Sentencing Guidelines provide that a defendant's status as a "career offender"

under section 609.1095, subdivision 4, is a sufficient reason to depart from the presumptive sentence. Minn. Sent. Guidelines II.D.2.b.(9). But a court departing under the repeat-felony-offender statute "must provide written reasons that specify that the requirements of the statute have been met." Minn. Sent. Guidelines cmt. II.D.204.

■■■ Previously, we concluded that the United States Supreme Court's decision in *Blakely v. Washington,* 542 U.S. 296, 303–04, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), applies to sentences imposed under the repeat-felony-offender statute, Minn.Stat. § 609.1095, subd. 4. *State v. Henderson,* 706 N.W.2d 758, 762 (Minn. 2005). Thus, other than a prior conviction, any fact that increases the sentence for a crime beyond the presumptive sentence established by the Minnesota Sentencing Guidelines for a particular crime must be submitted to the jury and proven beyond a reasonable doubt. *State v. Shattuck,* 704 N.W.2d 131, 136, 142 (Minn.2005). A defendant's admissions, however, may be used to increase the sentence above the presumptive guidelines sentence, provided that the admissions are accompanied by a "knowing waiver of [defendant's] Sixth Amendment right to a jury determination of facts supporting an upward sentencing departure." *State v. Dettman,* 719 N.W.2d 644, 655 (Minn.2006).

Here, Vickla validly waived his right to a *Blakely* trial to determine whether he satisfied the criteria of a repeat-felony offender under Minn.Stat. § 609.1095, subd. 4. Specifically, Vickla admitted at his guilty-plea hearing he "had five or more prior felonies" and "that this particular offense forms a pattern with those offenses." *See id.*

■■■ Initially, the State argues the repeat-felony-offender statute is a legisla-

tively created ground for departure that gives district courts broad discretion to sentence certain offenders to longer periods of incarceration. Vickla counters that Minn.Stat. § 244.11, subd. 2(b), allows an appellate court to review the district court's exercise of its discretion to sentence a repeat-felony offender to the statutory maximum.

Minnesota Statutes § 244.11, subd. 2(b), provides that an appellate court may review a sentence to determine whether it is "inconsistent with statutory requirements, unreasonable, inappropriate, excessive, unjustifiably disparate, or not warranted by the findings of fact issued by the district court." We have consistently applied this statute to review sentences imposed by district courts.[4] The language of the statute does not exclude review of sentences imposed under the repeat-felony-offender statute, and we decline to read such a limitation into the statute.

The State next argues the court of appeals erred in comparing Vickla's sentence to sentences in other forgery- and theft-related cases and in concluding the 240–month sentence was unjustifiably disparate. Vickla counters that *Neal v. State*, 658 N.W.2d 536 (Minn.2003), supports the determination that his sentence is disproportionate to sentences in comparable cases.

In *Neal*, we considered whether a statutory-maximum sentence imposed under the dangerous-offender statute, Minn.Stat. § 609.1095, subd. 2 (2010), was excessive and unreasonable. *Neal*, 658 N.W.2d at 546. Neal was convicted of kidnapping and two counts of first-degree aggravated robbery, and was sentenced to the statutory-maximum sentence of 480 months for the kidnapping conviction and to a 96–month consecutive sentence for one of the aggravated-robbery convictions. *Id.* at 541–42. We compared "Neal's 480–month kidnapping sentence, which [was] more than four times the presumptive sentence, to sentencing departures imposed in other kidnapping cases," and concluded, based on this comparison, that Neal's 480–month sentence was "not commensurate with the gravity of the crime" and therefore was excessive and unreasonable. *Id.* at 547–48. Vickla relies on this language to argue that his sentence is unjustifiably disparate.

■ We agree that an appellate court may consider, among other things, comparable sentences in departure cases to determine if a sentence is unjustifiably disparate. But for a sentence to be comparable, the sentencing departure must be based upon the same or similar reasons. The sentencing cases relied upon by the court of appeals, however, are not comparable. *See Vickla v. State*, 778 N.W.2d 354, 360–61 (Minn.App.2010). Two of the three cases did not involve a repeat-felony-offender sentence. Rather, they involved upward durational departures given in forgery- and theft-related cases under the Sentencing Guidelines. *State v. Thompson*, 720 N.W.2d 820, 823, 828–31 (Minn.2006) (affirming a double-durational departure sentence for the offense of theft-by-swindle on the ground that the facts supported the conclusion the crime was a major economic offense, which is an aggravating factor under the Sentencing Guidelines); *State v. Rott*, 313

---

4. *See, e.g., State v. Jackson*, 749 N.W.2d 353, 360 (Minn.2008) ("Appellate courts do have the authority to modify a sentence on many grounds, including that the sentence is inconsistent with statutory requirements, Minn. Stat. § 244.11, subd. 2(b) (2006). . . ."); *State v. Bertsch*, 707 N.W.2d 660, 668 (Minn.2006) ("Appellate courts may vacate or modify a sentence on many grounds, including that the sentence is unreasonable or inappropriate, Minn.Stat. § 244.11, subd. 2(b) (2004). . . .").

N.W.2d 574, 574–75 (Minn.1981) (reducing theft-by-check sentence to a two-year, double-durational departure on the ground that the facts supported the conclusion the crime was a major economic offense). Moreover, these cases involved sentences that were limited to a double-durational departure because the aggravating factors that would support a greater-than-double-durational departure were not present. *See State v. Evans*, 311 N.W.2d 481, 483 (Minn.1981). But the limitation in *Evans* does not apply to repeat-felony-offender sentences, and a district court may impose a greater-than-double-durational departure without finding severe aggravating factors. *Cf. Neal*, 658 N.W.2d at 545–46 (holding severe aggravating factors not necessary for a greater-than-double-durational departure for a dangerous-offender sentence). Consequently, the sentencing departures in *Thompson* and *Rott* were not based upon the same or similar reasons for departure, and therefore are not comparable to Vickla's case.

The third case relied on by the court of appeals was *State v. Kortkamp*, 560 N.W.2d 93 (Minn.App.1997). In *Kortkamp*, the defendant was sentenced as a repeat-felony offender to the 60–month, statutory-maximum sentence for offering forged checks. *Id.* at 95. The court of appeals compared the duration of the sentences and determined that Vickla's 240–month sentence was excessive and unreasonable when compared to Kortkamp's 60–month sentence. *Vickla*, 778 N.W.2d at 360. Notably, Kortkamp was sentenced to the statutory maximum for offering forged checks with an aggregate face value of $200. *Kortkamp*, 560 N.W.2d at 94–95. Thus, *Kortkamp* supports the imposition of a statutory-maximum sentence for a repeat-felony offender for the conviction of a crime that is similar in nature to Vickla's crime.[5]

■ Vickla argues the district court erred in considering his convictions that were more than 15 years old. But the repeat-felony-offender statute does not impose a time limit for includable prior convictions. Previously, we observed that the term "career offender" "necessarily implies that the convictions may span over one's lifetime." *State v. Worthy*, 583 N.W.2d 270, 280 (Minn.1998). Importantly, the 15–year decay factor in the Sentencing Guidelines applicable to a presumptive sentence determination is not referenced in the repeat-felony-offender statute. *Compare* Minn. Sent. Guidelines II.B.1.f *with* Minn.Stat. § 609.1095, subd. 4. Consequently, we conclude that section 609.1095, subdivision 4, allows the court to consider a defendant's entire criminal history to determine whether the defendant meets the statutory criteria of a repeat-felony offender and to determine the length of the sentence that will be imposed.

5. Additionally, the court of appeals has upheld the imposition of the statutory-maximum sentence when a defendant qualifies as a repeat-felony offender in other forgery- and theft-related cases. *See State v. Jones*, No. A07–1333, 2008 WL 2415592 (Minn.App. June 17, 2008) (upholding statutory-maximum sentence of 60 months for check forgery because sentence was within the district court's discretion under the career-offender statute), *rev. denied* (Minn. Aug. 5, 2008); *State v. LaCroix*, No. C1–99–2188, 2000 WL 1100183 (Minn.App. Aug. 8, 2000) (upholding 120–month statutory-maximum sentence for offering a forged check when defendant met the requirements of the career-offender statute); *State v. Rodahl*, No. C2–99–1647, 1999 WL 1216320 (Minn.App. Dec. 21, 1999) (concluding when the requirements of the career-offender statute were met, the district court did not abuse its discretion in sentencing Rodahl to the 60–month statutory-maximum sentence for theft by check).

Vickla further argues that a defendant's criminal history is already considered in the sentence imposed for the specific crime, and therefore it is inappropriate to consider it again under the repeat-felony-offender statute. He relies on *Neal* to support his argument. *Neal,* 658 N.W.2d at 546. We disagree. Neal was sentenced as a dangerous offender, not a repeat-felony offender, and the statutory criteria defining each type of offender are different. Specifically, a dangerous offender requires a finding that the defendant was 18 years old at the time of the offense, has two or more prior convictions for violent crimes, and is a danger to public safety. Minn.Stat. § 609.1095, subd. 2. The repeat-felony-offender statute, however, only requires a finding that the defendant has five or more prior felony convictions and that the present felony was committed as part of a pattern of criminal conduct. Minn. Stat. § 609.1095, subd. 4.

Moreover, the second prong of subdivision 4 requires examination of a defendant's criminal history of "five or more prior felony convictions" together with the present felony offense to determine whether there is a "pattern of criminal conduct." Thus, subdivision 4 contemplates that the fact finder must analyze a defendant's criminal history to determine whether a pattern of criminal conduct exists. We acknowledge that Vickla stipulated that such a pattern exists. But we read the statute to require the fact finder to analyze more broadly the nature and extent of the pattern of criminal conduct. Such an analysis necessarily extends to a defendant's entire criminal history. Thus, we conclude the concerns we expressed in *Neal* regarding criminal history and exaggerating an offender's criminality under the dangerous-offender statute are not applicable to the repeat-felony-offender statute.

Finally, we examine whether the sentence imposed was reasonable and supported by the record. The district court considered, among other things, the presentence investigation report, the psychological evaluation, the letter Vickla wrote to the court about his sentence, and Vickla's criminal history. Based upon its analysis, the court imposed the statutory-maximum sentence of 240 months. It reasoned that Vickla was a career offender, the current conviction was part of a pattern of criminal activity, and Vickla's prior prison sentences did not rehabilitate him so he could function in society without committing other crimes. The court's decision is well-reasoned and supported by the record. Vickla, who admitted he was a repeat-felony offender within the meaning of the statute, has a 35–year criminal history, which includes eleven prior felony convictions and a demonstrated failure of rehabilitation.

We conclude that the sentence imposed is not unreasonable, excessive, inappropriate, unjustifiably disparate, or not warranted by the findings of fact issued by the district court. Consequently, we reverse the decision of the court of appeals and reinstate Vickla's 240–month sentence.

Reversed.