**STATE of Minnesota, Respondent,**

v.

**Andrew Vincent Lafavor MONTEZ, Appellant.**

**A16-1071**

Court of Appeals of Minnesota.

Filed June 5, 2017

Lori Swanson, Attorney General, St. Paul, Minnesota; and Peter Orput, Washington County Attorney, Nicholas A. Hydukovich, Assistant County Attorney, Stillwater, Minnesota (for respondent).

Cathryn Middlebrook, Chief Appellate Public Defender, Frank R. Gallo, Assistant Public Defender, St. Paul, Minnesota (for appellant).

Considered and decided by Reyes, Presiding Judge; Connolly, Judge; and Larkin, Judge.

## OPINION

CONNOLLY, Judge

Appellant, having failed to comply with the conditions of his plea agreement and been sentenced without regard to the plea agreement, argues that his sentence violates the plea agreement and entitles him to withdraw his plea. Because a district court has no obligation to impose the sentence in a plea agreement on a defendant who has failed to comply with the conditions in that agreement, we affirm.

## FACTS

In May 2015, appellant Andrew Montez sold a pound of marijuana for $2,500 to a confidential informant in Washington County. He was charged with fifth-degree controlled substance crime, sale of marijuana. In December 2015, appellant signed a petition to plead guilty, which provided a stay of imposition and a 45-day cap on his jail sentence and stated

> I understand that if I do not cooperate with the [presentence investigation (PSI)], fail to return for sentencing w/o lawful excuse, fail to remain law abiding or even being charged with a crime (sic), fail to abstain from non-prescribed drugs and/or alcohol, or fail to follow any other orders of the court, then the above plea agreement is in jeopardy and the court may sentence me without regard to that agreement, as if I entered a "straight plea."

Appellant's attorney paraphrased this at the plea hearing, saying:

> [Appellant] is going to be pleading guilty to the sole charge in the complaint, Count 1, with a stay of imposition; 45-day cap.

> He'll cooperate with the PSI, return for sentencing, and *remain law abiding. In fact, not even be charged with a crime, or he understands that it would be considered a straight plea.*

(Emphasis added.) Appellant's attorney then asked appellant, "[Y]ou understand that it's important that you cooperate with the PSI and return for sentencing and remain law-abiding, correct?" Appellant answered, "Yes." The attorney said, "That becomes part of the plea agreement," and appellant again responded, "Yes." The district court told appellant, "You're ordered to cooperate with the Corrections Department, complete the PSI, attend sentencing, and remain law abiding. Do you understand that?" Appellant answered, "Yes, I do."

In January 2016, officers executing a search warrant of appellant's home in Scott County found about 1.8 pounds of marijuana and $40,000 in cash. The district court issued a warrant for appellant's arrest on the grounds that he had not complied with the random-testing condition of his release and that new charges were expected.

In February 2016, the Washington County PSI was completed. It stated in relevant part that "[appellant] may be facing new felony level charges" because: (1) a search warrant was executed on the room appellant shared with a roommate, who was present at the time; (2) the search produced 835.39 grams of marijuana and $41,315 in cash; (3) the roommate was given a *Miranda* warning and made a taped statement that he owned one gram of the marijuana and that the remainder belonged to appellant, who "sells marijuana and has done so for years"; (4) appellant that same day contacted an agent involved in the search warrant, arranged a meeting, and failed to show up; and (5) appellant was later found at his residence,

refused to sign a property receipt, and made a taped statement denying all ownership of the marijuana and the money found in his room and saying that he had sold marijuana in the past, but no longer did so.

In March 2016, the Washington County District Court rejected the plea agreement and appellant was charged in Scott County with fifth-degree controlled-substance crime, possession of marijuana.[1]

During the April 2016 sentencing hearing, the district court judge called for a recess so that he and counsel for the parties could look at the plea agreement and the transcript of the plea hearing. When the sentencing hearing resumed, the district court said, "My view of what I've seen in the [PSI] tells me that [appellant] has violated [the conditions of] his plea agreement. So I intend to sentence him today, and I'm going to sentence him any way I see fit, under the Minnesota Sentencing Guidelines." The district court sentenced appellant to serve 180 days in jail, stayed pending the outcome of his appeal.[2]

## ISSUE

Does appellant's sentence entitle him to withdraw his guilty plea?

## ANALYSIS

■  The interpretation and enforcement of plea agreements present issues of law subject to de novo review. *State v. Rhodes*, 675 N.W.2d 323, 326 (Minn. 2004).

■  Appellant argues explicitly that his plea was not voluntary and implicitly that he should be allowed to withdraw it. *See State v. Raleigh*, 778 N.W.2d 90, 94

(Minn. 2010) (requiring withdrawal when a plea is not accurate, voluntary, or intelligent). If a plea agreement includes an *unconditional* promise of a particular sentence or sentencing range and the sentencing court considers the defendant's post-plea acts and imposes a more severe sentence, the defendant "retain[s] his right to withdraw his guilty plea and stand trial." *State v. Kunshier*, 410 N.W.2d 377, 380 (Minn. App. 1987), *review denied* (Minn. Oct. 21, 1987); *see also State v. Kortkamp*, 560 N.W.2d 93, 94-95 (Minn. App. 1997) (holding that telling a defendant "if you get into any trouble between today and [sentencing,] all bets are off about any disposition" was not imposing a condition on the sentence and that the defendant, who violated the law before sentencing and received a more severe sentence, was entitled to withdraw his guilty plea because the state had made an unconditional promise and the posture of the case was "indistinguishable from *Kunshier*.")

But *Kunshier* has been distinguished in cases like appellant's, where the defendant "did not receive an unqualified promise regarding the sentence to be imposed." *Black v. State*, 725 N.W.2d 772, 776 (Minn. App. 2007); *see also State v. Batchelor*, 786 N.W.2d 319, 324 (Minn. App. 2010) ("observ[ing] that this court has consistently refused to allow defendants to withdraw these types of conditional guilty pleas merely because the defendant received the longer sentence contemplated by the plea after the condition attached to receiving the shorter sentence [e.g., remaining law-abiding] was not met"), *review denied* (Minn. Oct. 19, 2010).[3] Here, as in *Batche-*

---

1.  The state moved this court to supplement the record with the Scott County summons, complaint and statement of probable cause; appellant did not object, and the motion was granted.

2.  Appellant did not file either a petition to withdraw his guilty plea or a petition for postconviction relief with the district court.

3.  *Kunshier* has repeatedly been distinguished for the same reason in unpublished decisions

*lor*, "[i]t is clear from the record that appellant understood the direct consequences of his plea, including the fact that a reduced sentence was contingent upon his [remaining law abiding and not being charged with any new crimes]." *Id.* Because appellant's plea agreement included conditions and he did not comply with those conditions, the district court had no obligation to impose the sentence in the plea agreement and did not violate the plea agreement by imposing a different sentence, and appellant is not entitled to withdraw his plea.

■ Appellant also challenges the plea-agreement language requiring him to not be charged with a crime while on release because he had no ability to prevent the state from wrongfully charging him with a crime and thus invalidating his plea agreement. But appellant provides no evidence that the state, after negotiating his plea agreement, wrongfully charged him with another offense so it could void that agreement, and the evidence produced in the Scott County offense refutes appellant's argument that he was wrongfully charged.

■ Finally, appellant argues that, at the time of sentencing, there was no evidence before the district court that appellant had actually violated the plea agreement. But the PSI included accounts of the police search of appellant's residence in Scott County and of the police meeting with appellant at the residence later that day, as well as the statement that "[l]aw enforcement noted charges will be referred for ... [appellant] for 5th Degree Possession of a Controlled Substance." The district court said that it imposed a sentence different from that in the plea agreement based on appellant's PSI.

In his reply brief, appellant states that he did not oppose the addition of evidence that would "show proof of any controlled substance charges that were alleged to occur" between the plea hearing and the sentencing hearing.

## DECISION

Because appellant's plea agreement provided that a particular sentence would be imposed if appellant complied with certain conditions and appellant did not comply with those conditions, the district court did

of this court. *See, e.g., State v. Long*, No. A13-1194, 2014 WL 2441239 at *2 (Minn. App. June 2, 2014) ("The written plea agreement plainly states that the plea was conditioned upon [the defendant] abiding by several conditions...."); *State v. Zimmerman*, No. A09-1485, 2010 WL 2035835, at *2 (Minn. App. May 25, 2010) ("*Kunshier* is distinguishable because there is no indication that Kunshier was ever informed that his negotiated sentence was contingent on complying with presentence conditions of release."), *review denied* (Minn. Aug. 10, 2010); *State v. Buckhanan*, No. A07-2230, 2009 WL 510945, at *5 (Minn. App. Mar. 3, 2009) ("[The defendant] did not receive an 'unqualified promise' regarding his sentence.... [His] right to a reduced sentence was qualified by the express terms of his plea agreement."); *State v. Ferguson*, No. A07-2320, 2009 WL 113100, at *2 (Minn. App. Jan. 20, 2009) (distinguishing on the ground that the dis-

trict court "merely followed the parties' agreement that [the defendant] would receive a 24-month sentence if he failed to remain law-abiding"); *State v. Olson*, No. A07-1467, 2008 WL 3897304, at *6 (Minn. App. Aug. 26, 2008) (concluding motion to withdraw guilty plea was properly denied because the defendant's "own actions vitiated the plea agreement"); *State v. Wimberly*, No. A07-0396, 2008 WL 706964, at *4 (Minn. App. Mar. 18, 2008) ("By contrast, here, [the defendant] specifically agreed that his post-plea conduct could determine his ultimate sentence."), *review denied* (Minn. May 20, 2008); *State v. Kempf*, No. A06-0315, 2007 WL 2302438, at *2 n.1 (Minn. App. Aug. 14, 2007) ("Here, there was an explicit agreement by [the defendant], unlike in *Kunshier*, that [his] sentence under the plea agreement would depend on post-plea conduct."), *review denied* (Minn. Oct. 16, 2007).

not violate the plea agreement by imposing a different sentence and appellant is not entitled to withdraw his guilty plea.

**Affirmed.**