*This opinion is nonprecedential except as provided by
Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A23-1063**

State of Minnesota,
Respondent,

vs.

Casey Leon Holt,
Appellant.

**Filed June 3, 2024
Affirmed
Schmidt, Judge**

Benton County District Court
File No. 05-CR-20-595

Keith Ellison, Attorney General, St. Paul, Minnesota; and

Karl Schmidt, Benton County Attorney, Kathleen L. Reuter, Assistant County Attorney,
Foley, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Charles F. Clippert, Special
Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Worke, Presiding Judge; Schmidt, Judge; and Harris,

Judge.

**NONPRECEDENTIAL OPINION**

**SCHMIDT**, Judge

Appellant Casey Leon Holt appeals from the final judgment of his conviction of

felony domestic assault, arguing that the district court's imposition of a 60-month prison

sentence was excessive and unreasonable. Because the district court did not abuse its discretion when it relied on the repeat-felony-offender statute at sentencing, we affirm.

**FACTS**

In January 2023, a jury found Holt guilty of felony domestic assault after a two-day trial. Based on the state's notice of intent to seek the statutory maximum sentence, the district court held a bifurcated hearing for purposes of sentencing. The jury found that Holt had five prior felony convictions and that those convictions—and the current conviction of felony domestic assault—were committed as part of a pattern of criminal conduct.

Prior to sentencing, Holt refused to participate in his presentence investigation (PSI) interview. Nonetheless, Holt's corrections agent filed a PSI report based upon reports from Holt's prior cases. The sentencing worksheet listed Holt's seven prior felony convictions, which contributed to a total of eight criminal history points. Based upon this score, the corrections agent recommended the presumptive sentence of 33 months in prison, but also noted that the court could impose a maximum aggravated sentence of 60 months in prison.

At sentencing, the state requested an aggravated sentence of 60 months based on the repeat-felony-offender statute. Holt's counsel requested the 33-month presumptive sentence, arguing that "no harm was actually done here." The district court denied Holt's request and imposed a 60-month prison term under the repeat-felony-offender statute, which constituted an aggravated durational departure under the guidelines. The court noted that it imposed the aggravated sentence due to the jury's findings under the repeat-felony-offender statute and Holt's "long history of engaging in criminal behavior that seems to be generally geared towards controlling domestic partners."

Holt appeals.

**DECISION**

Appellate courts review a district court's decision to depart from the presumptive guidelines sentence for an abuse of discretion. *State v. Soto*, 855 N.W.2d 303, 307-08 (Minn. 2014). "If the reasons given for an upward departure are legally permissible and factually supported in the record, the departure will be affirmed. But if the district court's reasons for departure are improper or inadequate, the departure will be reversed." *State v. Edwards*, 774 N.W.2d 596, 601 (Minn. 2009) (quotation omitted).

Minnesota's repeat-felony-offender statute states that a defendant with "five or more prior felony convictions" qualifies as a repeat-felony offender if "the present offense is a felony that was committed as part of a pattern of criminal conduct." Minn. Stat. § 609.1095, subd. 4 (2020). And a court "may impose an aggravated durational departure from the presumptive sentence up to the statutory maximum" for such offenders. *Id.* Further, courts consider a defendant's "entire criminal history" to determine whether the statutory criteria of a repeat-felony offender are met and to determine the length of the sentence to be imposed. *Vickla v. State*, 793 N.W.2d 265, 271 (Minn. 2011).

Holt argues that the district court abused its discretion by imposing "close to a double durational departure" based on Holt's criminal history, "which had already been considered three times." In other words, Holt argues that his felony domestic assault charge was based upon two predicate offenses—misdemeanor violations of a domestic-abuse no-contact order and a harassment-restraining-order—which were included in his

3

criminal-history score to determine his presumptive sentence, and again "recycled" to prove that Holt qualified as a repeat-felony offender.

But Holt's argument fails because the predicate offenses were misdemeanors, which are of no consequence in the repeat-felony-offender analysis. The jury, therefore, properly considered Holt's criminal history, which included seven felonies, and made the requisite findings under the statute: that Holt had five or more *felony* convictions and that the present *felony* offense was committed as part of a pattern of criminal conduct. *See* Minn. Stat. § 609.1095, subd. 4. The district court also considered Holt's "long history of engaging in criminal behavior that seems to be generally geared towards controlling domestic partners." The jury's findings and the district court's reasoning show that the district court did not abuse its discretion by imposing an aggravated durational departure based upon the repeat-felony-offender statute and Holt's entire criminal history. *See* Minn. Stat. § 609.1095, subd. 4; *Vickla*, 793 N.W.2d at 271.

Holt also argues that, because the underlying conviction is "not based on any aggravated offense conduct," that the sentence imposed by the district court is excessive. The district court imposed the maximum 60-month prison sentence authorized by the felony domestic assault statute. *See* Minn. Stat. § 609.2242, subd. 4 (2020). A finding of severe aggravating factors is not required under the repeat-felony-offender statute before a court imposes a sentence that is greater than the presumptive guidelines sentence. *Vickla*, 793 N.W.2d at 271 (noting that, under the repeat-felony-offender statute, "a district court may impose a greater-than-double-durational departure without finding severe aggravating factors"). As such, the district court was not required to consider the conduct underlying

4

the conviction to impose the upward durational departure based on the repeat-felony-offender statute.

In addition, the district court's decision to impose a 60-month statutory-maximum sentence following a felony domestic-abuse conviction was not disparate to other sentences as statutory-maximum sentences on less violent crimes have been upheld under the repeat-offender statute. *See Vickla*, 793 N.W.2d at 271 (upholding a 240-month statutory-maximum prison term for a repeat-felony-offender convicted of check forgery); *State v. Rodahl*, No. C2-99-1647, 1999 WL 1216320, at *1-22 (Minn. App. Dec. 21, 1999)[1] (affirming the imposition of a 60-month statutory-maximum sentence for a repeat-felony offender convicted of theft by check, and reversing for the limited nature of clarifying the manner in which it was to be served).

Thus, the district court did not abuse its discretion by imposing a statutory-maximum 60-month prison sentence based on the repeat-felony-offender statute.

**Affirmed.**

---

[1] We cite this nonprecedential opinion for its persuasive value. *See* Minn. R. Civ. App. P. 136.01, subd. 1(c).